UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN BELL,

 Plaintiff,

                Case No. 05-74311
v.                 Hon. Lawrence P. Zatkoff

PREFIX, INC.,

 Defendant.
                      /

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on September 3, 2009

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Plaintiff's motion for default judgment [dkt 82] and Defendant's motion for leave to file responsive pleadings [dkt 92]. The parties have fully briefed the motions. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(e)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted. For the following reasons, Plaintiff's motion is DENIED and Defendant's motion is GRANTED.

**II. BACKGROUND**

For the purposes of these motions, the procedural history of this case is of greater importance than are the factual underpinnings. Plaintiff filed this case on November 9, 2005, alleging that Defendant impermissibly terminated his employment in violation of the Family and Medical Leave

Act (FMLA), 29 U.S.C. § 2601 *et seq.*, and the case was assigned to the Honorable John Feikens. Defendant responded by filing a motion to dismiss or for summary judgment [dkt 4]. At the motion hearing, Judge Feikens decided to hold the motion to dismiss in abeyance, and he set discovery and motion cut-off dates. The motion to dismiss was later denied [dkt 11]. Following two extensions of the motion cut-off date, Defendant filed a motion for summary judgment [dkt 21]. Judge Feikens issued a stay of the proceedings for several months while the parties explored settlement possibilities. When these negotiations failed, the stay was lifted, and Defendant's motion for summary judgment was granted [dkt 40]. Plaintiff appealed this decision to the Sixth Circuit Court of Appeals, where the court held that a reasonable jury could find for Plaintiff, and it reversed the grant of summary judgment. *See Bell v. Prefix, Inc.*, 321 Fed. Appx. 423, 431 (6th Cir. 2009). Shortly after the remand, Judge Feikens disqualified himself from this case, and the case was reassigned to the undersigned pursuant to E.D. Mich. L.R. 83.11(d) [dkt 59].

Plaintiff has now determined that Defendant never filed an answer to the complaint, and he has initiated default proceedings. Plaintiff first requested a Clerk's entry of default [dkt 78], but the request was denied because Defendant has filed an appearance and a dispositive motion [dkt 79]. Undaunted, Plaintiff now moves for a default judgment. Defendant opposes the motion and has filed a motion for leave to file its answer and affirmative defenses.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 55 governs default judgments and provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead *or otherwise defend*, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a) (emphasis added). Following the entry of default, the plaintiff must petition

for a default judgment. Fed. R. Civ. P. 55(b). A default judgment is "a drastic step which should be resorted to only in the most extreme circumstances." *Union Coin Meter Co. v. Seaboard C. R.R.*, 705 F.2d 839, 845 (6th Cir. 1983). "A party may avoid the entry of default if it demonstrates that it 'intends to defend the suit'" *Jervis B. Webb Co. v. Kennedy Group.*, No. 07-10571, 2007 WL 2951396, at *1 (E.D. Mich. Oct. 10, 2007) (quoting *Lutomski v. Panther Valley Coin Exch.*, 653 F.2d 270, 271 (6th Cir. 1981)).

## IV. ANALYSIS

Plaintiff avers that since Defendant did not file an answer, he should be granted a default judgment, his allegations should be deemed true, and the Court should hold a hearing to determine the proper amount of damages to award. Defendant maintains that it failed to file an answer due only to inadvertence and asks that the Court permit it to file that document. Plaintiff responds that allowing Defendant to file an answer will result in severe prejudice as he will be forced to rebut Defendant's affirmative defenses of "lack of work" and "lack of profit" as justifications for Plaintiff's dismissal. Plaintiff also claims that additional discovery would be needed to rebut Defendant's affirmative defenses as Plaintiff would need to review financial records that Defendant has allegedly refused to disclose.

Defendant argues, and the Court agrees, that Plaintiff's motion is procedurally deficient, as Plaintiff did not obtain a Clerk's entry of default before moving for a default judgment—indeed, Plaintiff's request was denied by the Clerk. *See Fowler v. Tyndale Publ'g House*, No. 09-10272, 2009 WL 2488057, at *1 (E.D. Mich. Aug. 12, 2009) ("When [the plaintiff] failed to obtain his requested relief from the Clerk, he—perhaps, unwittingly—failed to satisfy the necessary precondition to obtaining a grant of a default judgment from the Court."); *In re Loeb*, No 06-CV-

13743-DT, 2006 WL 3104598, at *3 (E.D. Mich. Oct. 31, 2006) ("[A] plain reading of [Rule 55] requires a clerk's entry of default before a court can enter a default judgment."); *see also* 10A Wright, Miller, & Kane, *Federal Practice and Procedure* § 2682 p. 13 (3d ed. 1998) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a).").

As to the merits of Plaintiff's motion, the Court finds Plaintiff's allegations of surprise and prejudice to be completely unavailing. Plaintiff was clearly on notice of Defendant's profitability defense, as it was analyzed in Judge Feikens's order granting summary judgment. *See Bell v. Prefix, Inc.*, No. 05-74311, 2007 WL 2109569, at *5 (E.D. Mich. July 23, 2007), *rev'd*, 321 Fed. Appx. 423 (6th Cir. 2009) ("Defendant has produced a legitimate, non-discriminatory reason for Plaintiff's dismissal: a desire to increase its profits."). The issues of profitability and work reduction were also discussed in the Sixth Circuit's opinion. *See Bell*, 321 Fed. Appx. at 428–29. Thus, the Court cannot fathom how these affirmative defenses come as a surprise to Plaintiff, or how Plaintiff would be prejudiced by their inclusion.

Even more baseless is Plaintiff's contention that allowing Defendant to proceed in this case would require further discovery, as Plaintiff would need to review undisclosed financial documents regarding Defendant's profitability. Again, this is not the first time this issue has arisen in these proceedings, as Judge Feikens described this issue in his order granting summary judgment as follows:

> Plaintiff also complains that Defendant refused to divulge financial records during discovery that would prove or disprove its profitability. On April 24, 2006 Plaintiff filed a Motion to Show Cause because of Defendant's failure to share records regarding its contracts with General Motors and its profitability. On May 5, 2006, I denied that motion because Plaintiff did not also include

> certification with his motion that he tried in good faith to confer with Defendant. I was confident that the parties could resolve their differences through good faith and profession, yet the door was open to Plaintiff to come back to this Court for relief if further requests for this information were not met. At no point did Plaintiff avail himself of this opportunity. To come before this Court during a motion for summary judgment and then complain of the lack of cooperation by Plaintiff in providing discovery materials regarding this aspect of the case is insufficient at best. I can only assume by Plaintiff's actions, or the lack thereof, that he was content with the materials provided by Defendant.

*Bell*, 2007 WL 2109569, at *6. If Plaintiff required access to financial records, he could have used the tools of discovery to acquire them during the discovery period.[1] The fact that Plaintiff ultimately failed to acquire these records, whether due to inadvertence, dilatory conduct, or any other reason, is unrelated to whether Defendant answered the complaint, and Plaintiff's attempt to present the discovery issue anew is not well-taken.

The Court finds that Defendant's failure to timely file an answer to the complaint was the product of inadvertence caused by the filing of dispositive motions, adjustments to the briefing and discovery schedules, and the appeal of Judge Feikens's order, and not because of any desire to gain a tactical advantage. Moreover, Defendant has clearly—and quite vigorously—"otherwise defended" this lawsuit within the purview of Rule 55. Defendant has filed various dispositive motions and litigated an appeal at the Sixth Circuit Court of Appeals. Defendant attended a status conference with the undersigned, and the Court has no information suggesting that Defendant failed to attend proceedings in front of Judge Feikens. Finally, Defendant has filed several other motions

---

[1] To be clear, this is not an invitation for Plaintiff to file a motion with this Court seeking disclosure of financial records or any other documents or records. Any such motion will be denied, as the discovery period expired long ago, and the record shows that Plaintiff had ample opportunity to procure such materials.

in preparation for trial and is prepared to proceed to trial.

In sum, entering a default judgment against a party who has contested and litigated a case for nearly four years would be nonsensical, unconscionable, and a colossal waste of the Court's and the parties' resources. A much more logical and equitable solution to resolve the issue of Defendant's "missing" answer would be to simply permit Defendant to file its answer. This the Court will do.

### V. CONCLUSION

Accordingly, and for the above reasons, IT IS HEREBY ORDERED that Plaintiff's motion for default judgment [dkt 82] is DENIED.

IT IS FURTHER ORDERED that Defendant's motion for leave to file responsive pleadings [dkt 92] is GRANTED. Defendant shall file its responsive pleading within 7 days of the entry of this order.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: September 3, 2009

CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on September 3, 2009.

                                            S/Marie E. Verlinde
                                            Case Manager
                                            (810) 984-3290