UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN BELL,
     An Individual,

          Plaintiff,               Case No. 2:05-cv-74311-CV

v.                                  Hon. LAWRENCE P. ZATKOFF

PREFIX, INC,
     A Michigan Corporation,

          Defendant.

_____/

**ELMER ROLLER** (P23592)               **LINDA M. WATSON** (P45320)
ELMER L. ROLLER P.C.                 **MARIA FRACASSA DWYER** (P60946)
Attorney for Plaintiff                    CLARK HILL PLC
1760 S. Telegraph, Suite 3000        Attorneys for Defendant
Bloomfield Hills, MI 48302-0183      255 S. Old Woodward Ave., Third Floor
(248) 335-5000                       Birmingham, MI 48009
                                  (248) 988-5881

**GARY P. SUPANICH** (P45547)
GARY P. SUPANICH PLLC
Attorney for Plaintiff
116 E. Washington, Suite 260
Ann Arbor, MI 48104
(734) 276-6561

_____/

## PLAINTIFF'S GENERAL AND  SPECIAL JURY INSTRUCTIONS

     NOW COMES the Plaintiff, Jonathan Bell, by and through the auspices of his attorneys,

Elmer L. Roller and Gary P. Supanich, and requests the following General and Special Jury

Instructions be given, following General Instruction No. 1 (FMLA Introductory Instruction) to

which the Plaintiff agreed:

General Jury Instruction No. 2
(Special Jury Instruction No. 1)

## Retaliation for Taking an Intermittent Leave

Mr. Bell claims that Prefix retaliated against him for taking intermittent unpaid leave from work under the Family and Medical Leave Act.

To prevail on this claim, Mr. Bell must prove all of the following by a preponderance of the evidence:

First, Mr. Bell gave appropriate notice of his need to be absent from work. "Appropriate notice" was given where,

If Mr. Bell could not foresee the need for leave, he notified Prefix as soon as practicable after he learned of the need for leave.

Mr. Bell was required to timely notify Prefix of the need for leave, but Mr. Bell was not required to specify that the leave was sought under the Family and Medical Leave Act, nor was he required to mention the Act in the notice. Nor was he required to provide the exact dates or duration of the leave requested.

Second, Prefix retaliated against Mr. Bell for exercising his right to unpaid leave. Under the statute, "retaliation" can be found in a number of ways, including:

1)      Terminating employment;

2)      Refusing to allow an employee to return to his job, or an equivalent position upon return from leave.

I instruct you that you do not need to find that Prefix intentionally interfered with Mr. Bell's right to unpaid leave. The question is not whether Prefix acted in bad intent but rather whether Mr. Bell was entitled to leave and Prefix retaliated against him for the exercise of that leave.

However, your verdict must be for Prefix if Prefix proves, by a preponderance of evidence that Mr. Bell would have lost his job on August 8, 2005 even if he had not taken leave. For example, if Prefix proves that Mr. Bell 's position was going to be eliminated even if he would not have been on leave, then you must find for Prefix.

Comment and Source:

Third Circuit Court of Appeals, Model FMLA Instruction 10.1.1 (modified); 29 U.S.C. § 2615(a)(1); *Parker v. Hahnemann*, 234 F. Supp.2d 478 (D. N.J. 2002)

2

<u>General Jury Instruction No. 3</u>
<u>(Special Jury Instruction No. 2)</u>

**<u>Discrimination – Mixed Motive</u>**

Plaintiff Jonathan Bell claims that the was discriminated against for exercising the right to intermittent unpaid leave under the Family and Medical Leave Act.  In order for Mr. Bell to recover on this discrimination claim against Defendant Prefix, Mr. Bell must prove that Prefix intentionally discriminated against him. This means that Mr. Bell must prove that his taking leave was a motivating factor in Prefix's decision to discharge Mr. Bell.

To prevail on his claim, Mr. Bell must prove all of the following by a preponderance of the evidence:

First, Mr. Bell gave appropriate notice of his need to be absent from work. "Appropriate notice" was given where,

If Mr. Bell could not foresee the need for leave, he notified Prefix as soon as practicable after he  learned of the need for leave.

Mr. Bell was required to timely notify Prefix of the need for leave, but Mr. Bell was not required to specify that the leave was sought under the Family and Medical Leave Act, nor was he required to mention the Act in the notice. Nor was he required to provide the exact dates or duration of the leave requested.

Second:  Mr. Bell was terminated after returning from leave.

Third:   Mr. Bell's taking leave was a motivating factor in Prefix's decision to terminate Mr. Bell.

Although Mr. Bell must prove that Prefix acted with the intent to discriminate , Mr. Bell is not required to prove that Prefix acted with the particular intent to violate Mr. Bell's federal rights.

In showing that Mr. Bell's taking leave was a motivating factor for Prefix's action, Mr. Bell is not required to prove that the leave was the sole motivation or even the primary motivation for Prefix's decision. Mr. Bell need only prove that his taking leave played a motivating part in Prefix's decision even though other factors may also have motivated Prefix.

If you find in Mr. Bell's favor with respect to each of the facts that he must prove, you must then decide whether Prefix has shown that it would have made the same decision with respect to Mr. Bell's having taken leave. Your verdict must be for Prefix, if Prefix proves by a preponderance of the evidence that Prefix would have treated Mr. Bell the same even if Mr. Bell's leave had played no role in the employment decision.

Comment and Source:

Third Circuit Court of Appeals, Model FMLA Instruction 10.1.2 (modified); 29 U.S.C. § 2615(a)(2); *Callison v. City of Philadelphia*, 430 F.3d 117, 119 (3d Cir. 2005)

Special Jury Instruction No. 3

## Discrimination – Pretext

Plaintiff Jonathan Bell claims that he was discriminated against for exercising his right to intermittent unpaid leave under the Family and Medical Leave Act. In order for Mr. Bell to recover on this discrimination claim against Defendant Prefix, Mr. Bell must prove that Prefix intentionally discriminated against him. This means that Mr. Bell must prove that his taking intermittent leave was a motivating factor in Prefix's decision to discharge Mr. Bell.

To prevail on this claim, Mr. Bell must prove all of the following by a preponderance of the evidence:

> First, Mr. Bell gave appropriate notice of his need to be absent from work. "Appropriate notice" was given where,

> If Mr. Bell could not foresee the need for leave, he notified Prefix as soon as practicable after he learned of the need for leave.

> Mr. Bell was required to timely notify Prefix of the need for leave, but Mr. Bell was not required to specify that the leave was sought under the Family and Medical Leave Act, nor was he required to mention the Act in the notice. Nor was he required to provide the exact dates or duration of the leave requested.

> Second: Mr. Bell was terminated after returning from leave.

> Third: Mr. Bell's taking leave was a motivating factor in Prefix's decision to terminate Mr. Bell.

Although Mr. Bell must prove that Prefix acted with intent to discriminate, he is not required to prove that Prefix acted with a particular intent to violate Mr. Bell's federal civil rights. Moreover, Mr. Bell is not required to prove direct evidence of intent, such as statements admitting discrimination. Intentional discrimination may be inferred from the existence of facts.

Prefix has given a nondiscriminatory reason for its discharge of Mr. Bell. If you disbelieve Prefix's explanation for its conduct, then you may, but need not, find that Mr. Bell has proven intentional discrimination. In determining whether Prefix's stated reason for its actions was a pretext, or excuse, for discrimination, you may not question Prefix's business judgment. You cannot find intentional discrimination simply because you disagree with the business judgment of Prefix or believe it is harsh or unreasonable. You are not to consider Prefix's wisdom. However, you may consider whether Prefix's reason is merely a cover-up for discrimination.

Ultimately, you must decide whether Mr. Bell has proven that his taking leave under the Family and Medical Leave Act was a determining factor in Prefix's employment decision.

"Determining factor" means that if not for Mr. Bell's taking leave, his discharge would not have occurred.

Comment and Source:

Third Circuit Court of Appeals, Model FMLA Instruction 10.1.3 (modified); *Miller v. Cigna Corp.*, 47 F.3d 586, 597 (3d Cir. 1995); *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 510 (1993).

<u>Special Jury Instruction No. 4</u>

## Evidence

Plaintiff may prove that FMLA leave was a "motivating force" in an adverse employment

decision through presentation of "direct evidence" that is, evidence tied directly to the alleged

discriminatory action of the Defendant or by the establishment of "indirect evidence."

Comment and Source:

*Spurlock v. Peterbilt Motors Co.*, 58 Fed. Appx. 630,631-32, (6th Cir. 2003); *Krohn v. Forsting*, 11 F. Supp.2d 1082, 1094, 5 WH Cases.2d 572 (E.D. Mo. 1998)(quoting <u>Krenik v. County of Le Seur</u>, 47 F.3d 953,988 , 2 WH Cases.2d 1038 (8th Cir. 1995).

<u>Special Jury Instruction No. 5</u>

**Notice**

The phrase "appropriate notice" as used in these instructions means that the Plaintiff must have notified his supervisors at Defendant of his need for leave as soon as practicable after he learned of the need to take leave. In giving notice of the need for FMLA leave, Plaintiff need not expressly mention or assert rights under the FMLA. Plaintiff must at least provide verbal notice to Defendant of the need for a leave.

Comment and Source:

29 C.F. R. §§825.302(c), 825.303(b); *Hammon v. DHL Airways, Inc.*, 165 F.3d 411, 5 WH Cases2d 99 (6th Cir. 1999)(employee does not have to expressly assert his right to take leave as a matter of right under FMLA).

<u>Special Jury Instruction No. 6</u>

**Intermittent FMLA Leave**

Intermittent FMLA Leave is leave taken in separate, sometimes sporadic, blocks of time.  The parties have agreed that Plaintiff was eligible to take FMLA intermittent leave and his father had a serious health  condition. Plaintiff was entitled to take FMLA  leave on an intermittent or reduced scheduled basis without Defendant's approval if he was needed to care for father's serious health condition.

Comment and Source:

29 C.F.R. 825.203(a); 29 USC§2612(b); 29 C.F.R. 825.203(a).

Special Jury Instruction No. 7

**Stated or Espoused Reason Given At the Time of the Adverse Employment Action**

In determining whether Defendant carried its burden of production in providing a legitimate nondiscriminatory reason for Plaintiff's termination, you must consider Defendant's stated or espoused reason(s) given at the time of Plaintiff's termination.

Comment and Source:

*Smith v. Chrysler Corp.,* 155 F.3d 799, 806-807 (6th Cir. 1998) ("[T]he key inquiry is whether the employer made a reasonably informed and considered decision before taking an adverse employment action.")

Special Jury Instruction No. 8

## "At Will" Termination Reason

Under the FMLA, the Plaintiff's status as an "at will" employee of Defendant, cannot constitute a legitimate nondiscriminatory reason for Plaintiff's termination. If you find that the reason given for Plaintiff termination was his status as an "at will" employee, then you shall further find that Defendant's reason was not a legitimate nondiscriminatory basis to terminate, and you do not need to consider whether it was pretextual.

Comment and Source:

This instruction addresses Defendant's Fifth Affirmative Defense, which asserts that, since Plaintiff was an "at will" employee, he is entitled only to nominal damages. This assertion is contrary to Michigan law. *Health Call of Detroit v. Atrium Home & Health Care Services, Inc.,* 268 Mich App 83, 86; 706 N.W.2d 843 (2005), overruling *Environair, Inc. v. Steelcase, Inc.*, 190 Mich App 289, 475 N.W. 2d 366 (1991). In *Health Call*, the appellate court found:

> [A] blanket rule limiting recovery to nominal damages as a matter of law in all actions arising out of or related to the termination of the at-will contracts is not legally sound, because there may exist factual scenarios in which there is a tangible basis on which future damages may be assessed that are not overly speculative despite the at-will nature of the underlying contract. 268 Mich App 85-86.

The holding of *Health Call* holding has been extended to "all actions arising out of or related to the termination of at-will contracts. *Everton v. Williams* , 270 Mich App.348,352; 715 N.W.2d 320 (2006).

Special Jury Instruction No. 9

**Return Protection and Date of Termination**

An employee is entitled not to be terminated from his job for an absence that is protected by the FMLA. An employee is also entitled on return from an absence protected by the FMLA to be restored to the position of employment he held when the leave commenced or to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment. In order to terminate the reason, if any, for terminating an employee, the time of the termination or, in this case August 5, 2008, is the date and circumstances on which you should consider the employer's reason for termination.

Comment and Source:

29 U.S.C. §2614

Special Jury Instruction No. 10

**Patient Advocate Designation**

A Patient Advocate is a person who is named in a designation to exercise powers concerning the care, custody and medical treatment decisions for a person making the designation.   The patient or affected person can also designate an Alternate Patient Advocate to exercise these powers in the absence or unavailability of the primary Patient Advocate.

Comment and Source:

MCLA 700.5506-.5507,.5509

Special Jury Instruction No. 11

**Attendance at Care Conferences and Consents to Surgery/Procedures**

Attendance at Care Conferences with his father's physicians and medical personnel, providing psychological comfort and reassurance to his father, as well as deliberating and consenting to surgeries and/or medical treatment involving his incapacitated father was a legitimate exercise of authority by the Plaintiff, as an Alternate Patient Advocate, under the FMLA

Comment and Source:

WH Admin. Op. FMLA-94 (Feb. 27, 1998), Wage & Hour Manual 99-3103. Brunelle v. Cytec Plastics, Inc. , 255 F. Supp.2d 67, 77 (D Me 2002); 29 CFR 825.116(a). See Preamble, 60 Fed. Reg. 22180, 2197; Plumley v. Southern Container, Inc., 2001 U.S. Dist. LEXIS 16040 at*29, 2001 WL 1188469, at *( (D. Me. Oct. 9, 2001) , aff'd on other grounds, 303 F.3d 364, 8 WH Cases2d 65 (1st Cir. 2002)

Special Jury Instruction No. 12

**Pretext/Business Judgment**

If you disbelieve the Defendant's explanation for its conduct, you may, but need not, find that

the Plaintiff has proved intentional discrimination. In determining whether the Defendant's stated

reason for its actions was a pretext, or excuse, for retaliation or discrimination, you may not

question the Defendant's business judgment. You cannot find intentional discrimination simply

because you disagree with the Defendant's business judgment or believe it was harsh or

unreasonable as of August 5, 2008. However, you are not to consider whether the Defendant's

wisdom in exercising its business judgment. If you find either that the Defendant's stated reason

for terminating the Plaintiff was not credible; did not actually motivate the decision to terminate;

had no basis in fact or the Defendant's reason can be called into question, under the totality of

the circumstances surrounding the termination, the weaknesses, implausibilities, inconsistencies,

incoherencies, or contradictions of this reason, you may infer that the Defendant did not act for

the asserted non-discriminatory reasons. However, you may consider whether the Defendant's

reason was a pretext or cover-up.

Comment and Source:

*Wexler v. White Fine Furniture*, 313 F.3d 564, 576 (6th Cir. 1997)(citing *EEOC v. Yenkin –
Majestic Paint Corp*., 112 F.3d 831, 835 (6th Cir. 1997)("Although it is true that a factfinder
should refrain from probing an employer's business judgment, a decision to terminate an
employee based upon lawful considerations does not become legitimate because it can be
characterized as a business decision.")

15

<u>Special Jury Instruction No. 13</u>

**Good Faith**

If you find in favor of Plaintiff, then you must decide whether defendant acted in good faith .

You must find defendant acted in good faith if you find by the greater weight or a preponderance

of the evidence that when the defendant terminated plaintiff's employment, the defendant

honestly intended and  reasonably believed that its actions compiled with the FMLA.   It is the

defendant's burden to prove that they acted in good faith. In other words, it is the defendants

who have the burden of proving that it acted under a reasonable and honest belief that the

termination did not violate the FMLA.

Comment and Source:

*Barrett v. Detroit  Heading, Inc.,* Case No. 05-72341-NH, Jury Instructions at p 33

Special Jury Instruction No. 14

## **Shifting Rationale**

An employer's changing rationale for discharging an employer can also be evidence of pretext

cover up unlawful retaliation or discrimination.

Comment and Source:

*Asmo v. Keane, Inc.* , 471 F.3d 588, 598 (6th Cir. 2007) (quoting *Thuman v. Yellow Freight Sys.Inc.,* 90 F.3d 1160, 1167 (6th Cir. 1996), amended on other grounds, 97 F.3d 833 (6th Cir. 1996).

SPECIAL JURY INSTRUCTION No. 15

**Damages Available**

~~In this case, Plaintiff is seeking money damages. It is Plaintiff's burden to prove by a~~ preponderance of the evidence that he actually suffered damages and that such damages were directly caused by Defendant. If you find for Plaintiff, they you must award him such sum as you determine by a preponderance of the evidence that Plaintiff incurred as a direct result of Defendant's violation. The FMLA limits the Plaintiff's recovery to an amount equal to the amount of any wages, salary, employment benefits, or other compensation denied or lost to him by reason of the violation.

Plaintiff may also be entitled to damages known as front pay. These are damages such as wages, salary, employment benefits, or other compensation that Plaintiff will suffer in the future as a result of the Defendant's actions herein.

Comment and source:

Plaintiff believes that an instruction for the jury on the issue of front pay is appropriate herein. At all relevant times, Plaintiff has maintained that he is entitled to and seeks reinstatement. Defendant has not stipulated to reinstatement in the event the jury finds a violation of the statute. Front pay is appropriate form of damages under the Family Medical Leave Act. *Arban v. West Publishing Corp.,* 3345 F.3d 390 (6th Cir. 2003). While the issue of the appropriateness of front pay is one for the Court, the amount is a jury question. *Roush v. KFC National Management Co.,* 10 F.3d 392, 398 (6th Cir. 1993); *Kulling v. Grinders for Industry,* Inc. 185 F.2d 800 (6th Cir. 2002).

SPECIAL JURY INSTRUCTION No. 16

**Damages**

In the event you are convinced by the evidence that Defendant discriminated or retaliated against Plaintiff or failed to reinstate him at the end of his leave, then you must determine the amount of damages Plaintiff has sustained.

If you find that Plaintiff was a victim of discrimination or retaliation because of FMLA-protected conduct, then Plaintiff is entitled to backpay. The measure of backpay in this case varies, as it depends on several factors.

If you find that Defendant discriminated or retaliated against Plaintiff by discharging him, the measure of backpay is what Plaintiff would have earned had he not been terminated from his employment. Backpay includes what Plaintiff would have earned and the value of the benefits he would have received had he remained employed by the Defendant instead of being terminated.

In determining this amount of backpay, you must make several calculations:

1. First, calculate the amount of pay and bonuses Plaintiff would have earned had he remained at Defendant through today's date.

2. Then, calculate the value of the employee benefits Plaintiff would have had if he had remained employed by Defendant to the date of your verdict.

3. Then, subtract the amount Plaintiff earned in other employment following his discharge from Defendant. The amount of unemployment benefits and accrued vacation which Plaintiff received at the time of or after his discharge should not be deducted.

If you find in favor of Plaintiff, then you must award Plaintiff the amount of any wages, salary and employment benefits Plaintiff would have earned in his employment with the Defendant if he had not been discharged on August 8, 2005 through the date of your verdict, *minus* the amount of earnings and benefits from other employment received by Plaintiff during that time. In assessing damages, you must not consider attorney fees or costs of litigating this case. Attorney fees and costs, if relevant at all, are for the court not the jury to determine.

Likewise, if you find in favor of Plaintiff, you must award Plaintiff damages for an amount based on the evidence presented to you of future lost wages, salary, employment benefits, or other compensation that you believe Plaintiff will incur from this date forward.

Comment and Source:

*Mitchell v. County of Wayne,* Case No. 05-73698 , Jury Instruction No. 13 "Damages"

20

## SPECIAL JURY INSTRUCTION No. 17

### FMLA Damages -- Back Pay- Non-Willful Violation

If you find that Prefix has violated Mr. Bell's rights under the Family and Medical Leave Act, then you must determine the amount of damages that Prefix's actions have caused Mr. Bell. Mr. Bell has the burden of proving damages by a preponderance of the evidence.

You must award as actual damages an amount that reasonably compensates Mr. Bell for any lost wages and benefits, taking into consideration any increases in salary and benefits, including pension and 401(k) contributions, that Mr. Bell would have received from Prefix had his rights not been violated.

You must award Mr. Bell the amount of his lost wages and benefits during the period starting two years before the date the lawsuit was filed through the date of your verdict.

You must reduce any award of damages for lost wages and benefits by the amount of the expenses that Mr. Bell would have incurred in making those earnings.

If you award damages for lost wages, you are instructed to deduct from this figure whatever wages Mr. Bell has obtained from other employment during this period. However, please note that you should not deduct social security benefits, unemployment compensation and pension benefits from an award of lost wages.

21

You are further instructed that Mr. Bell has a duty to mitigate his damages --- that is Mr. Bell is required to make reasonable efforts under the circumstances to reduce his damages. It is Prefix's burden to prove that Mr. Bell has failed to mitigate. So if Prefix persuades you, by a preponderance of the evidence, that Mr. Bell failed to obtain substantially equivalent job opportunities that were reasonably available to him, you must reduce the award of damages by the amount of the wages that Mr. Bell reasonably would have earned if he had obtained those opportunities.

In assessing damages, you must not consider attorney fees or costs of litigating this case. Attorney fees and costs, if relevant at all, are for the court and not the jury to determine. Therefore, attorney fees and costs should play no part in your calculation of any damages.

Comment and Source:

Third Circuit Court of Appeals, Model FMLA Instruction 10.4.1; *29 USC § 2617(a), 2615*; *Hoffman v. Professional Med Team*, 394 F.3d 414 (6th Cir. 2005). The collateral source rule applies to damages awarded under the Family and Medical Leave Act. See *Hamlin v. Charter Twp. of Flint*, 165 F.3d 426 (6th Cir. 1999); *Pellow v. Daimler Chrysler Services North America LLC*, 2006 WL 2540947, Case No. 05-3815 (E.D. Mich 2006); *Huntre v. Valley View Local Schools*, 579 F.3d 688 (6th Cir. 2009).

SPECIAL JURY INSTRUCTION No. 18

**FMLA Damages -- Back Pay Violation**

If you find that Prefix has violated Mr. Bell's rights under the Family and Medical Leave Act, then you must determine the amount of damages that Prefix's actions have caused Mr. Bell. Mr. Bell has the burden of proving damages by a preponderance of the evidence.

You must award as actual damages an amount that reasonably compensates Mr. Bell for any lost wages and benefits, taking into consideration any increases in salary and benefits, including pension and 401(k) contributions, that Mr. Bell would have received from Prefix had his rights not been violated.

In this case, Mr. Bell alleges that Prefix willfully violated the Family and Medical Leave Act. If Mr. Bell proves to you by a preponderance of the evidence that Prefix knew or showed reckless disregard for whether Mr. Bell's discharge was prohibited by the law. To establish willfulness it is not enough to show that Prefix acted negligently. If you find that Prefix did not know, or knew only that the law was potentially applicable, and did not act in reckless disregard for whether its conduct was prohibited by the law, then Prefix's conduct was not willful.

If you find that Prefix's violation of the Family and Medical Leave Act was willful, then you must award Mr. Bell the amount of his lost wages and benefits during the period starting three years before the date the lawsuit was filed through the date of your verdict. However, if

23

you find that Prefix's violation of the Family and Medical Leave Act was not willful, then you must award Mr. Bell the amount of his lost wages and benefits during the period starting two years before the date the lawsuit was filed through the date of your verdict. In other words, Mr. Bell is entitled to lost wages and benefits for an extra year if he proves that Prefix's violation was willful.

You must reduce any award for damages for lost wages and benefits by the amount of the expenses that Mr. Bell would have incurred in making those earnings.

If you award damages for lost wages, you are instructed to deduct from this figure whatever wages Mr. Bell has obtained from other employment during this period. However, please note that you should not deduct social security benefits, unemployment compensation and pension benefits from an award of lost wages.

You are further instructed that Mr. Bell has a duty to mitigate his damages -- that is Mr. Bell is required to make reasonable efforts under the circumstances to reduce his damages. It is Prefix's burden to prove that Mr. Bell has failed to mitigate. So if Prefix persuades you, by a preponderance of the evidence, that Mr. Bell failed to obtain substantially equivalent job opportunities that were reasonable available to him, you must reduce the award of damages by the amount of the wages that Mr. Bell reasonably would have earned if he had obtained those opportunities.

In assessing damages, you must not consider attorney fees or the costs of litigating this case. Attorney fees and costs, if relevant at all, are for the court and not the jury to determine. Therefore, attorney fees and costs should play no part in your calculation of any damages.

Comment and Source:

Third Circuit Court of Appeals, Model FMLA Instruction 10.4.2; *29 USC § 2617 (c) (2)*; *29 USC § 2615; 29 USC § 2617(a)*. The collateral source rule applies to damages awarded under the Family and Medical Leave Act. See *Hamlin v. Charter Twp. of Flint*, 165 F.3d 426 (6th Cir. 1999); *Pellow v. Daimler Chrysler Services North America* LLC, 2006 WL 2540947, Case No. 05-3815 (E.D. Mich 2006); *Huntre v. Valley View Local Schools*, 579 F.3d 688 (6th Cir. 2009).

SPECIAL JURY INSTRUCTION No. 19

**FMLA Damages -- Other Monetary Damages**

The Family and Medical Leave Act provides that if an employee is unable to prove that the employer's violation of the Act caused the employee to lose any wages, benefits or other compensation, then the employee may recover other monetary losses sustained as a direct result of the employer's violation of the Act.

So in this case, if you find that Prefix violation Mr. Bell's rights under the Act, and yet you also find that Mr. Bell has not proved the loss of wages, benefits or other compensation as a result of this violation, then you must determine whether Mr. Bell has suffered any other monetary losses as a direct result of the violation. Mr. Bell has the burden of proving these monetary losses by a preponderance of the evidence.

Under the law, Mr Bell's recovery for these other monetary damages can be no higher than the amount that he would have made in wages or salary for a twelve-week period during his employment. So you must limit your award for these other monetary damages, if any, to that amount. You must also remember that if Mr. Bell has proved damages for lost wages, benefits or other compensation, then you must award those damages only and Mr. Bell may not recover any amount for any other monetary damages suffered as a result of the discharge.

Finally, the Family and Medical Leave Act does not allow Mr. Bell to recover for any mental or emotional distress or pain and suffering that may have been caused by Prefix's violation of the Act. So I instruct you that you are not to award Mr. Bell any damages for emotional distress or pain and suffering.

In assessing damages, you must not consider attorney fees or the costs of litigating this case. Attorney fees and costs, if relevant at all, are for the court and not the jury to determine. Therefore, attorney fees and costs should play no part in your calculation of any damages.

Comment and Source :
Third Circuit Court of Appeals, Model FMLA Instruction10.4.3; 29 USC §1617(a)

## **VERDICT FORM**

Do you find that Defendant violated the FMLA by interfering with Plaintiff's rights to leave or by failing to reinstate Plaintiff after taking FMLA leave or by discriminating or retaliating against the Plaintiff by terminating his employment?

_____Yes _____No
[Mark an "X" in the appropriate space]

Note: Complete the following paragraphs only if your answer to the preceding question is "No". If you answered "yes" to the preceding question, have your foreperson sign and date this form because you have completed your deliberations on this claim.
We find Plaintiff's wages, salary, employment benefits and other compensation denied or lost through the date of this verdict to be:
$_____ [state the amount or, if none, write the word "none"]
We find Plaintiff's wages, salary, employment benefits and other compensation denied or lost from the this date forward to be:
$_____ [state the amount or, if none, write the word "none"]
 Do you find that Defendant lacked good faith in its dealings with Plaintiff on the Family and Medical Leave Act?

_____Yes _____No


Date: _____              _____
                                        Foreperson


Comment and Source: *Mitchell v. County of Wayne,* Case No. 05-73698 , Verdict Form

28

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

JONATHAN BELL,

    An Individual,

        Plaintiff,                    Case No. 2:05-cv-74311-CV

v.                                       Hon. Lawrence P. Zatkoff

PREFIX, INC,

    A Michigan Corporation,

        Defendant.

                                                           /

**ELMER ROLLER** (P23592)
ELMER L. ROLLER P.C.
Attorney for Plaintiff
1760 S. Telegraph, Suite 3000
Bloomfield Hills, MI 48302-0183
(248) 335-5000

**GARY P. SUPANICH** (P45547)
GARY P. SUPANICH PLLC
Attorney for Plaintiff
116 E. Washington, Suite 260
Ann Arbor, MI 48104
(734) 276-6561

**LINDA M. WATSON** (P45320)
**MARIA FRACASSA DWYER**
(P60946)
CLARK HILL PLC
Attorneys for Defendant
255 S. Old Woodward Ave., Third Floor
Birmingham, MI 48009
(248) 988-5881

                                                           /

## PLAINTIFF'S GENERAL AND SPECIAL JURY INSTRUCTIONS

## PROOF OF SERVICE

Elmer L. Roller states that on October 22, 2009, he electronically filed the following document with the Clerk of the Court using the ECF system:

- Plaintiff's General and Special Jury Instructions

this will send notification of such filing to:

**Linda D. Watson** (P45320)
**Maria F. Dwyer** (P60946)
CLARK HILL, PLC
151 S. Old Woodward Avenue
Suite 200
Birmingham, MI 48009

**Gary P. Supanich** (P45547)
GARY P. SUPANICH, PLLC
116 E. Washington
Suite 260
Ann Arbor, MI 48104

I declare under the penalties of perjury that I have examined this Proof of Service and that the contents thereof are true to the best of my information, knowledge and belief.

/s/Elmer L. Roller
Elmer L. Roller (P23592)
Elmer L. Roller, PC
1760 S. Telegraph Road
Suite 300
Bloomfield Hills, MI 48302-0183
(248) 335-5000