UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN BELL,

    Plaintiff,

                                                              Case No. 05-74311
v.                                                    Hon. Lawrence P. Zatkoff

PREFIX, INC.,

    Defendant.

_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on November 2, 2009

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

This matter is before the Court on (1) Plaintiff's Motion in Limine [dkt 62]; (2) Defendant's Motion in Limine to Exclude All Evidence Regarding Plaintiff's 2003 Performance Evaluation [dkt 63]; (3) Defendant's Motion in Limine to Limit Plaintiff's Damages [dkt 64]; (4) Defendant's Motion in Limine to Exclude the Affidavit of Jimmy Turner [dkt 71]; and (5) Defendant's Motion for Protective Order [dkt 66]. The parties have fully briefed the motions. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(e)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted. The motions will be addressed in turn.

### II. BACKGROUND

Plaintiff filed this suit alleging that Defendant terminated his employment in violation of the

Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq*. Specifically, Plaintiff contends that his termination was in retaliation for taking FMLA leave to visit his ailing father in the hospital. Defendant maintains that Plaintiff was terminated as part of a workforce reduction designed to increase profitability. This case was reassigned to the undersigned following the Sixth Circuit's reversal of an order granting Defendant's motion for summary judgment. *See Bell v. Prefix*, 321 Fed. Appx. 423 (6th Cir. 2009).

### III.  ANALYSIS

### A.  Plaintiff's Motion in Limine [dkt 62]

To summarize Plaintiff's motion, he seeks to exclude evidence at trial of (1) Plaintiff's status as an at-will employee; (2) Defendant's profitability (or lack thereof); and (3) Defendant's "lack of work" defense outside of the time of Plaintiff's discharge. The Court will address these arguments individually.

#### 1.  At-Will Employment Status

Plaintiff requests that the Court prohibit any mention of Plaintiff's employment status, asserting that at-will employment status is not a legitimate, non-discriminatory reason for termination under the FMLA. Defendant maintains that it is not offering Plaintiff's employment status as its reason for termination, and it suggests that Plaintiff's employment status should be nothing more than a stipulated fact.

Plaintiff's brief focuses on the legal sufficiency of at-will employment status as a legitimate, non-discriminatory reason for termination. He contends that only the reason given at the time of termination can be properly considered as an employer's legitimate, non-discriminatory reason for termination, citing *Smith v. Chrysler Corp.*, 155 F.3d 799 (6th Cir. 1998).

"Normally, motions *in limine* are not proper procedural devices for the wholesale disposition of theories or defenses." *SPX Corp. v. Bartec USA, LLC*, No. 06-14888, 2008 WL 3850770, at *3 (E.D. Mich. Aug. 12, 2008). *See also ABC Beverage Corp. & Subsidiaries v. United States*, No. 1:07-cv-051, 2008 WL 5424174, at *2 (W.D. Mich. Dec. 4, 2008) (noting that motions in limine are not "substitutes for dispositive motions"); *Goldman v. Healthcare Mgmt. Sys., Inc.*, 559 F. Supp. 2d 853, 871 (W.D. Mich. 2008) (collecting cases). Whether Defendant had a legitimate, non-discriminatory reason for terminating Plaintiff is properly determined by the jury.

The Court finds Plaintiff's request somewhat curious, as it was Plaintiff who alleged that Defendant fired him because he was an at-will employee, and now Plaintiff is asking to exclude any mention of his employment status. Moreover, Plaintiff's brief does not contain any authority holding that evidence of employment status is not admissible at trial. The Court finds the probative value of the evidence, while perhaps slight, is not substantially outweighed by prejudice to Plaintiff, as there appears to be none. *See* Fed. R. Evid. 403. Therefore, the Court DENIES Plaintiff's motion in limine to exclude references to Plaintiff's status as an at-will employee.

**2. Defendant's Profitability and Lack-of-Work Defenses**

Plaintiff also posits that Defendant should be precluded from introducing evidence regarding its profitability and lack-of-work defenses because Defendant failed to produce financial reports and documents during discovery, and because Plaintiff finds these proffered justifications for dismissal to be pretexual and/or insufficient.

The Court initially notes that any objections to discovery should have been resolved long

ago.[1] Furthermore, to the extent that Plaintiff's motion disputes the merits of Defendant's workforce reduction defense, the motion again attempts to resolve the case through a motion in limine. For the reasons stated in Part III.A.1, *supra*, this is impermissible.

The Court finds, however, that evidence of Defendant's profitability is irrelevant to its defense of a workforce reduction. Whether Defendant was profitable or not does not render it "more or less probable" that Defendant was reducing its workforce for workflow or profitability reasons. *See* Fed. R. Evid. 401. That is, no matter what Defendant's profits were at the time of Plaintiff's termination or thereafter, Defendant could still have aspired to become more profitable. Therefore, a parade of witnesses and exhibits detailing Defendant's financial records and profit margins is irrelevant as to whether Defendant terminated Plaintiff as part of a legitimate reduction in workforce. Thus, the Court precludes such evidence from trial.

Accordingly, Plaintiff's Motion in Limine [dkt 62] is GRANTED IN PART and DENIED IN PART.

---

[1] The record reveals that Plaintiff did file a motion to compel the production of some of Defendant's financial information [dkt 13]. Judge Feikens denied the motion [dkt 16] because Plaintiff failed to seek concurrence before filing the motion as required by the federal and local rules. As Judge Feikens later noted, Plaintiff never further objected to Defendant's discovery disclosures:

> [T]he door was open to Plaintiff to come back to this Court for relief if further requests for this information were not met. At no point did Plaintiff avail himself of this opportunity. To come before this Court during a motion for summary judgment and then complain of the lack of cooperation by Plaintiff in providing discovery materials regarding this aspect of the case is insufficient at best. I can only assume by Plaintiff's actions, or the lack thereof, that he was content with the materials provided by Defendant.

Order Granting Summary Judgment [dkt 40] at p.11.

## B.  Defendant's Motion in Limine to Exclude All Evidence Regarding Plaintiff's 2003 Performance Evaluation [dkt 63]

Defendant seeks to exclude the presentation of Plaintiff's 2003 performance evaluation to the jury.  To put this request in context, Defendant first hired Plaintiff in August 2003, and his immediate supervisor was Dan Crowton (Crowton).  In January 2004, Crowton completed an evaluation of Plaintiff's 2003 work.  Plaintiff was laid off in November 2004 and was formally terminated on December 31, 2004.  He was subsequently rehired on February 23, 2005, and terminated again on August 8, 2005.  It is the second termination that forms the basis of this lawsuit.  Defendant avers that Crowton's 2003 evaluation of Plaintiff's work is irrelevant because (1) Crowton was not Plaintiff's supervisor upon rehire; and (2) that review took place approximately two-and-a-half years before Plaintiff's termination.  Defendant further suggests that the probative value of the evaluation would be outweighed by the danger of prejudice or confusion to the jury.

Plaintiff insists that the evaluation is highly probative evidence that Defendant's proffered non-discriminatory reasons for termination were pretextual, and he refers to the Sixth Circuit's opinion as support.  Plaintiff also avers that the law-of-the-case doctrine prohibits the Court from barring this evidence because the Sixth Circuit considered the affidavit.

The Court does not agree with Plaintiff that the law-of-the-case doctrine mandates a denial of Defendant's motion.  The Court finds Plaintiff's characterization that the Sixth Circuit "determined as a matter of law that evidence relating to Plaintiff's 2003 performance evaluation established that Defendant wrongfully terminated Plaintiff" to be a gross overstatement of that holding. The court merely held that the evaluation, when considered with Plaintiff's other proffered evidence, raised a genuine issue of material fact whether Defendant's reason for termination was pretextual.  *See Bell*, 321 Fed. Appx. at 431.  Furthermore, the court certainly did not make any

decisions regarding the admissibility of evidence at trial.

On the other hand, Defendant's cited cases confirm only that, on motions for summary judgment, some courts afford prior evaluations little weight—especially those by other supervisors or previous management. The cases do not address the admissibility of such evaluations.

The Court finds that Plaintiff's 2003 evaluation is relevant to his claims, and the probative value of the evaluation outweighs any potential for prejudice. *See* Fed. R. Evid. 401, 403. *See also Gage v. Metro. Water Reclamation Dist. of Greater Chi.*, 365 F. Supp. 2d 919, 931 (N.D. Ill. 2005) (denying motion in limine to exclude prior performance reviews). It is the jury's role to determine the significance of the evaluation. Therefore, Defendant's motion is DENIED.

**C. Defendant's Motion in Limine to Limit Plaintiff's Damages [dkt 64]**

Defendant next seeks to limit the damages that Plaintiff may recover due to Plaintiff's alleged failure to mitigate damages by seeking other employment. Alternatively, Defendant requests that all economic damages be cut-off as of June 30, 2006, the date that the remainder of Plaintiff's department was eliminated. Plaintiff disputes these contentions and insists that he has continuously searched for new employment, albeit with limited success.

Again, the parties improperly attempt to try the case through a motion in limine. *See Figgins v. Advance Am. Cash Advance Ctrs. of Mich., Inc.*, 482 F. Supp. 2d 861, 871 (E.D. Mich. 2007) (holding in FMLA action that "[a]ny argument [] about the facts of mitigation should have been brought in the summary judgment motion."); *McLaughlin v. Innovative Logistics Group, Inc.*, No. 05-72305, 2007 WL 313531, at *13 (E.D. Mich. Jan. 30, 2007) (denying motion to limit damages in FMLA case as premature because "the issue of damages will be litigated at trial.").

Accordingly, Defendant's motion is DENIED.

**D.  Defendant's Motion in Limine to Exclude the Affidavit of Jimmy Turner [dkt 71]**

Defendant also moves to exclude the affidavit of Jimmy Turner (Turner), who is a former employee of Defendant and who was Plaintiff's most recent supervisor.  Defendant represents that the Turner affidavit was not produced during discovery, contradicts Turner's past testimony, and is otherwise prejudicial.  Plaintiff notes that the Sixth Circuit considered the affidavit in its order reversing the grant of summary judgment and contends that the affidavit is evidence that Defendant's proffered reason for dismissal was pretextual.

In his responsive brief, Plaintiff represents that he intends to call Turner as a live witness at trial.  Therefore, the Court finds that an in-depth analysis of the affidavit is unnecessary, as it does not appear that the Turner affidavit will be presented at trial.

The Court has reviewed the affidavit, however, and finds that Turner's conclusion that Kim Zeile (Zeile), Defendant's owner, was an alcoholic is inadmissible.  *See* Turner Aff. ¶34.  Turner is not a medical expert with the requisite knowledge and experience to make such a conclusion.  Thus, that portion of the affidavit must be redacted.

Therefore, Defendant's motion is GRANTED IN PART and DENIED IN PART.

**E.  Defendant's Motion for Protective Order [dkt 66]**

Defendant originally filed a motion to prevent Plaintiff from securing the *de bene esse* deposition testimony of Dr. Muthuswarmi and Dr. Boutt.  Defendant noted that discovery in this matter closed approximately three years ago and that Plaintiff never disclosed the intended deponents as witnesses.  Plaintiff contends that the medical records provided by Port Huron Hospital identified both doctors as caretakers of Plaintiff's father; therefore, Defendant should not be surprised or prejudiced by the doctors' testimony.

As Defendant filed its motion on July 14, 2009, the motion was not fully briefed by the noticed deposition date of July 30, 2009. On July 29, 2009, Defendant sent Plaintiff a correspondence noting Defendant's assumption that the depositions would be postponed pending the Court's ruling on Defendant's motion. Thereafter, Plaintiff filed an affidavit representing that he did not receive the correspondence until the depositions had been completed. In its reply brief, Defendant alternatively asks that the Court strike the depositions and prohibit their use at trial. Thus, the Court construes the motion as a motion in limine to exclude the testimony of Drs. Muthuswarmi and Boutt at trial.

A party is required to identify, as part of its Rule 26 initial disclosures, all individuals "likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses . . . ." Fed. R. Civ. P. 26(a)(1)(A)(I). A party is also required to supplement its initial disclosures as necessary. *See* Fed. R. Civ. P. 26(e). "If a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that . . . witness to supply evidence on a motion, at a hearing or at a trial, unless the failure was substantially justified or is harmless . . . ." Fed. R. Civ. P. 37(c)(1).

In Plaintiff's Rule 26(a) initial disclosures, Plaintiff listed "Keeper of Patient Records, Port Huron Hospital" as an "Individual Likely to Have Discoverable Information." *See* Pl.'s Resp. to Def.'s Mot. for Protective Order, Ex. 1 p. 1–2. In Plaintiff's response to Defendant's interrogatories, Plaintiff again refers only to "Keeper of Patient Records, Port Huron Hospital" and "Representatives/Keeper of the Medical Records of Kenneth Bell" when asked for "any person who you know or believe has any information regarding the matters raised in your complaint." *See id.* Ex. 2, p. 5, 7. Plaintiff also attached letters from the doctors as exhibits on the summary judgment

8

motion. *See* Pl.'s Resp. to Def.'s Mot. Summ. J., Ex. 13, 14. In none of these, however, does Plaintiff provide notice that he intended to depose his father's treating physicians, nor does he provide any other evidence of notice.

Plaintiff admits as much, but he contends that Defendant knew the identity of the treating physicians when the parties obtained Kenneth Bell's medical records. According to Plaintiff, Defendant received the records in May 2006, and Plaintiff received copies by June 2006, both before the extended discovery cut-off date of July 31, 2006. Thus, Plaintiff insists that, even if the witnesses were not disclosed, Defendant cannot be surprised by the depositions.

The Court disagrees. The fact that Defendant had access to the hospital records prior to the discovery cut-off date only proves that Defendant was aware that Plaintiff's father had treating physicians—a fact that hardly requires documentation—and the records cannot be considered notice that Plaintiff intended to depose the physicians four years later. Because Plaintiff never notified Defendant that he intended to depose Drs. Muthuswarmi and Boutt, and he has made no showing that the omission was substantially justified or harmless, the depositions are inadmissible. *See* Fed. R. Civ. P. 37(c)(1); *Caudell v. City of Loveland*, 226 Fed. Appx. 479, 482 (6th Cir. 2007).

Defendant's motion for a protective order [dkt 66] is GRANTED insofar as Plaintiff will not be permitted to present the *de bene esse* depositions of Drs. Muthuswarmi and Boutt at trial.

## IV. CONCLUSION

Accordingly, and for the above reasons, IT IS HEREBY ORDERED that:

(1) Plaintiff's motion in limine [dkt 62] is GRANTED IN PART and DENIED IN PART;

(2) Defendant's Motion in Limine to Exclude All Evidence Regarding Plaintiff's 2003 Performance Evaluation [dkt 63] is DENIED;

(3) Defendant's Motion in Limine to Limit Plaintiff's Damages [dkt 64] is DENIED;

(4) Defendant's Motion in Limine to Exclude the Affidavit of Jimmy Turner [dkt 71] IS GRANTED IN PART and DENIED IN PART;

(5) Defendant's Motion for Protective Order [dkt 66] IS GRANTED.

IT IS SO ORDERED.

    S/Lawrence P. Zatkoff
    LAWRENCE P. ZATKOFF
    UNITED STATES DISTRICT JUDGE

Dated:  November 2, 2009

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on November 2, 2009.

    S/Marie E. Verlinde
    Case Manager
    (810) 984-3290