UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN BELL,

    Plaintiff,

v.

Case No. 05-74311
Hon. Lawrence P. Zatkoff

PREFIX, INC.,

    Defendant.
                                            /

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on November 2, 2009

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on (1) Plaintiff's Motion in Limine to Strike Defendant's Affirmative Defenses [dkt 102] and (2) Defendant's Motion in Limine [dkt 103].[1] The parties have fully briefed the motions. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(e)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted. The motions will be addressed in turn.

---

[1] Plaintiff has also filed a "Motion in Limine to Preclude Defendant Prefix from Presenting Any Claim, Argument, Testimony, or Evidence at Trial That Plaintiff was Discharged on the Basis of Lack of Work or Lack of Profitability" [dkt 105]. After reviewing the motion, the Court finds no discernable difference between this motion and the relief requested in Plaintiff's previously-filed motion in limine [dkt 62]. Therefore, this motion is DENIED AS MOOT, and the Court adheres to its ruling on Plaintiff's previous motion in limine.

## II.  BACKGROUND

Plaintiff filed this suit alleging that Defendant terminated his employment in violation of the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq*.  Specifically, Plaintiff contends that his termination was in retaliation for taking FMLA leave to visit and/or advocate his ailing father in the hospital.  Defendant maintains that Plaintiff was terminated as part of a workforce reduction designed to increase profitability.  This case was reassigned to the undersigned following the Sixth Circuit's reversal of an order granting Defendant's motion for summary judgment.  *See Bell v. Prefix*, 321 Fed. Appx. 423 (6th Cir. 2009).

## III. ANALYSIS

### A.  Plaintiff's Motion in Limine to Strike Defendant's Affirmative Defenses [dkt 102]

On July 29, 2009, Plaintiff filed a motion for default judgment [dkt 82], noting that Defendant had never filed an answer in this case.  At that time, the case had been pending for nearly four years, and Plaintiff had litigated a successful appeal at the court of appeals.  The Court denied the motion for default judgment and permitted Defendant to file a responsive pleading.  Defendant timely did so.  Plaintiff now moves to strike certain of Defendant's affirmative defenses and seeks sanctions for Defendant's "frivolous and vexatious pleading under Fed. R. Civ. P. 11 and 28 U.S.C. § 1927".  Plaintiff also continues to request that Defendant be precluded from presenting any argument that Plaintiff was discharged as part of a reduction in force.

#### i. Sanctions

Defendant initially contends that Plaintiff did not abide by the requirement of Fed. R. Civ. P. 11 that the moving party serve a copy of the motion on the non-moving party at least twenty-one days prior to filing that document with the Court.  *See* Fed. R. Civ. P. 11(c)(2).  Plaintiff does not

rebut that assertion in his reply brief. As such, the Court will not consider Plaintiff's request for sanctions under Fed. R. Civ. P. 11. In addition, the Court does not find that sanctions are warranted pursuant to 28 U.S.C. § 1927, as the pleading cannot be considered, as a whole, to be frivolous or vexatious. Therefore, the Court DENIES Plaintiff's request for sanctions.

### ii. Withdrawn Defenses

Defendant agrees to withdraw two of the affirmative defenses at issue: the statute-of-limitations defense and its reservation to seek additional affirmative defenses. Therefore, the Court will permit withdrawal, and it finds the motion to strike MOOT as to those two affirmative defenses.

### iii. Legal Sufficiency Defenses

Plaintiff argues that the law-of-the-case doctrine bars Defendant from asserting its affirmative defenses that "Plaintiff's complaint fails to state a claim" and "Plaintiff cannot establish a *prima facie* case under the FMLA or show pretext." Plaintiff explains that, as the Sixth Circuit has held that a *prima facie* case was established, these defenses cannot be justified.

Defendant insists that these defenses were relevant at the time the answer was filed, as the Court had not yet granted summary judgment on Plaintiff's wrongful-discharge claim. Defendant further asserts that, since Plaintiff has wavered between referencing his claim as a FMLA-interference claim and a FMLA-retaliation claim, its defense is legitimate as to an interference claim. Defendant also maintains that whether Plaintiff has met his *prima facie* case remains in dispute.

The Court will not strike these defenses. In addition to Defendant's arguments, the Court notes that the Sixth Circuit's holding involved a motion for summary judgment, in which the court was required to draw all inferences in Plaintiff's favor. *See, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S.

3

317, 323 (1986). The jury will deliberate under no such constraints, and it could find that Plaintiff has not proven a required element of his claim by a preponderance of the evidence. Therefore, Plaintiff's motion is DENIED as to these two defenses.

### iv. Damages Defenses

Plaintiff next contests Defendant's affirmative defenses that "Plaintiff failed to mitigate his damages" and "Plaintiff is only entitled to nominal damages." Plaintiff asserts that he has evidence of mitigation, and argues that limiting him to nominal damages is contrary to law. In deciding Defendant's motion in limine to limit damages [dkt 64], the Court held that a motion in limine was not a proper vehicle in which to challenge mitigation, and it instructed that the damages issue would be litigated at trial. In accordance with that ruling, Plaintiff's motion is DENIED as to those two defenses.

### v. Reduction-in-Force Defense

Finally, Plaintiff again raises his objection that Defendant should not be allowed to present any evidence at trial premised on Defendant's reduction-in-workforce defense. As the Court has previously held, this issue will be decided by the jury, and it is not the proper subject of a motion in limine.

### vi. Conclusion

Accordingly, Plaintiff's Motion in Limine to Strike Affirmative Defenses [dkt 102] is DENIED.

## B. Defendant's Motion in Limine [dkt 103]

Defendant's motion in limine seeks to (1) Preclude Robert Zimmerman (Zimmerman) as an Expert Witness; (2) Preclude the Zimmerman Report; and (3) Prelude the Use of Plaintiff's Journal

4

Produced as New Evidence on September 15, 2009.

### i. Zimmerman's Testimony and Report

Defendant first asks that the Court preclude Zimmerman, Plaintiff's damages expert, from testifying at trial. Defendant represents that, despite an agreement with Plaintiff that expert discovery would take place after formal discovery but before trial, Plaintiff has refused to produce Zimmerman for deposition.

Plaintiff responds that Zimmerman was presented for deposition in September 2006, but Defendant did not proceed with the deposition. Plaintiff further insists that he never agreed to continue discovery after the status conference; nonetheless, Plaintiff represents that Zimmerman has agreed to again appear for a deposition. Plaintiff also accuses Defendant of not producing its expert witnesses or reports.

In Defendant's reply brief, it acknowledges that Plaintiff has agreed to produce Zimmerman for deposition. Therefore, the Court finds the deposition issue moot, and it turns to Defendant's arguments that Zimmerman should be precluded from testifying pursuant to Fed. R. Evid. 702 because (1) he will not assist the trier of fact because the allowable damages are easily calculated; and (2) his opinions are not reliable because they are based on future earnings and do not exclude interim earnings.

Defendant's contention that front pay[2] is not recoverable under the FMLA is simply a

---

[2]Under the FMLA, "[b]ack pay is measured from the time of the adverse employment action—in this case the termination—'up until the time of the verdict.'" *Bila v. RadioShack Corp.*, No. 03-10177-CV, 2006 WL 374763, at *2 (E.D. Mich. Feb. 16, 2006) (citing *Skalka v. Fernald Envtl. Restoration Mgmt. Corp.*, 178 F.3d 414, 426 (6th Cir. 1999)). The Court uses the term "front pay" to refer to any future lost earnings that Plaintiff will suffer from the time of the verdict onward if the jury finds that Defendant has violated the FMLA.

misstatement of law. This circuit has specifically held that front pay is permitted as an equitable remedy in cases where reinstatement is an insufficient remedy. *See Arban v. West. Publ'g Corp.*, 345 F.3d 390, 406 (6th Cir. 2003); *Taylor v. Invacare Corp.*, 64 Fed. Appx. 516, 523 (6th Cir. 2003). *Arban* teaches that it is within the district court's discretion to determine whether front pay is to be awarded in a given case, and, if so, it is the jury's duty to determine the amount. *See Bordeau v. Saginaw Control & Eng'g, Inc.*, 477 F. Supp. 2d 797, 801 (E.D. Mich. 2007).

Defendant cites *McBurney v. Stew Hansen's Dodge City, Inc.*, 398 F.3d 998 (8th Cir. 2005), as mandating that front pay is not recoverable under the FMLA. Defendant is correct that the *McBurney* court did not permit an award of front pay; however, it did so because the plaintiff had waived the issue on appeal. *Id.* at 1002. In a footnote, the court specifically noted that front pay was an allowable form of equitable relief under the FMLA. *Id.* at 1001 n.2. Additionally, Defendant accurately identifies that the only available remedies under the FMLA are those listed at 29 U.S.C. § 2617(a). *See Nev. Dep't of Human Res. v. Hibbs*, 538 U.S. 721, 739 (2003). Defendant fails to recognize, however, that courts have read the equitable remedies provision of § 2617(a)(1)(B) to include front pay in proper circumstances. *See, e.g.*, *Arban*, 345 F.3d at 405. The Court therefore finds that front pay is a discretionary form of equitable relief under the FMLA.

After carefully reviewing all of the parties' filings in this matter, the Court finds that reinstatement would be an inequitable—and, potentially impossible—form of relief in this matter if Plaintiff is indeed entitled to relief. While front pay is not *per se* appropriate when reinstatement is inapplicable, the Court finds that the jury should consider the issue of front pay in this matter to the extent that such an award would make Plaintiff whole. *See Wilson v. Inter'l Bd. of Teamsters*, 83 F.3d 747, 756–57 (6th Cir. 2006); *see also Bordeau v. Saginaw Control & Eng'g, Inc.*, 446 F.

Supp. 2d 766, 771 (E.D. Mich. 2006) ("[F]ront pay may be used to supplement back pay when back pay will not adequately compensate the victim . . . where reinstatement is not available and the victim is making less money at her current job.") (citing *Mallinson-Monague v. Pocrnick*, 224 F.3d 1224, 1237 n.17 (10th Cir. 2000)).  Accordingly, the Court ORDERS that the jury be instructed to consider the amount of front pay, if any, that Plaintiff is entitled to if it finds that Defendant has violated the FMLA.

The Court finds that, based on the information on the record, Zimmerman's testimony is relevant to Plaintiff's claims.  Moreover, Defendant has not attacked Zimmerman's credentials as an expert, it offers no evidence of unreliability except for the front pay issue, and it offers no authority to prove its contention that the jury will give undue weight to Zimmerman's damages calculations.  As a result, the Court will not preclude Zimmerman's testimony or report.  *See, e.g.*, *Whitney v. Wal-Mart Stores, Inc.*, No. 03-65-P-H, 2003 WL 22961210, at *2–*4 (D. Me. Dec. 16, 2003) (denying motion in limine to preclude damages expert based on similar objections).

### ii.  Plaintiff's Journal

Finally, Defendant objects to the admissibility of a hand-written journal authored by Plaintiff that details Plaintiff's efforts at searching for new employment.  Defendant asserts that this journal was not disclosed until September 15, 2009, which was over three years after the extended formal discovery cut-off date of July 31, 2006.

Plaintiff characterizes the journal as part of his duty to "seasonally supplement" his discovery responses.  Plaintiff represents that the journal merely supplements his affidavit submitted with his response to Defendant's motion in limine to limit damages.  Plaintiff further avers that he was not asked at his March 21, 2006, deposition about his mitigation activities, nor was he asked

7

to provide a full disclosure of his mitigation efforts.

Federal Rule of Civil Procedure 37 automatically prohibits the admission of items that were not timely disclosed during discovery, unless the non-disclosure was "substantially justified" or "harmless". *See* Fed. R. Civ. P. 37(c)(1).

Here, Defendant has long attacked Plaintiff's efforts at mitigation. Defendant cannot be surprised that Plaintiff will attempt to detail his mitigation efforts at trial. Further, the journal is merely a list of dates and names that will serve only to provide a chronological synopsis of Plaintiff's testimony. The Court finds that any failure of Plaintiff to timely disclose the journal was harmless, and that evidence will not be precluded.

Therefore, The Court DENIES Defendant's motion in limine to exclude Plaintiff's journal.

### IV.  CONCLUSION

Accordingly, and for the above reasons, IT IS HEREBY ORDERED that Plaintiff's Motion in Limine to Strike Defendant's Affirmative Defenses [dkt 102] IS DENIED; and (2) Defendant's Motion in Limine [dkt 103] IS DENIED.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  November 2, 2009

CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on November 2, 2009.

                                      S/Marie E. Verlinde
                                      Case Manager
                                      (810) 984-3290