UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN BELL,

    Plaintiff,

                                                                                      Case No. 05-74311

v.                                                                   Hon. Lawrence P. Zatkoff

PREFIX, INC.,

    Defendant.

    _____/

**ORDER**

        At the October 15, 2009, final pre-trial conference, the parties indicated their disagreement whether the unemployment benefits that Plaintiff has received since his termination were to be set-off against a potential damages award. The Court ordered the parties to brief the issue [dkt 104], and the parties have done so [dkts 109 & 110]. For the following reasons, the Court finds that Plaintiff's awarded damages, if any, are not to be offset by Plaintiff's unemployment benefits.

        Plaintiff submits that the "collateral-source rule" bars the Court from reducing Plaintiff's damages by the amount of his unemployment benefits, as those benefits were obtained collateral to Defendant. Plaintiff contends that, while the Sixth Circuit has not directly applied the rule in a FMLA case, the Sixth Circuit has applied the rule in other employment discrimination cases. Plaintiff also cites an unpublished opinion from this court applying the rule in a FMLA action. *See Pellow v. Daimler Chrysler Servs. N. Am. LLC*, No. 05-73815, 2006 WL 2540947 (E.D. Mich. Aug. 31, 2006)

        Defendant argues that allowing Plaintiff to collect damages without accounting for unemployment benefits would defeat the purpose of the FMLA by granting Plaintiff a windfall. Defendant avers that it is within the Court's discretion to determine whether unemployment benefits

should be set-off against damages, and it urges the Court to set-off the benefits against any award of damages in this case.

The Sixth Circuit has generally held that, in the employment discrimination context, damages awards are not to be offset by unemployment benefits. *See Thurman v. Yellow Freight Sys., Inc.*, 90 F.3d 1160, 1170–71 (6th Cir. 1996) (applying collateral-source rule to unemployment benefits in Title VII discrimination case); *Rasimas v. Mich. Dep't of Mental Health*, 714 F.2d 614, 627 (6th Cir. 1983) (same); *see also Hamlin v. Charter Twp. of Flint*, 165 F.3d 426, 433 (6th Cir. 1999) (applying rule in Americans with Disabilities Act case); *E.E.O.C. v. Kent. State Police Dep't*, 80 F.3d 1086, 1100 (6th Cir. 1996) (reluctantly following *Rasimas* in Age Discrimination in Employment Act case). In *Pellow*, Judge Edmunds noted that the Sixth Circuit had not directly applied this rule to a FMLA case but recognized that "the reasoning in civil rights and disability cases applies with equal force in the FMLA context." *Pellow*, 2006 WL 2540947, at *5.

Defendant presents no argument that the Sixth Circuit would apply the collateral-source rule to unemployment compensation any differently in a FMLA case than it has in previous cases involving other employment discrimination laws. Instead, Defendant postures that FMLA case law from other circuits is more persuasive than Sixth Circuit precedent involving other discrimination statutes, and it contends that the Court has the discretion to decide the matter. The Sixth Circuit, however, has specifically rejected the argument that a district court enjoys discretion whether to apply the collateral-source rule to unemployment benefits. *See Hamlin*, 165 F.3d at 433.

The Court finds no principled distinction between the FMLA and other employment discrimination laws such that the Sixth Circuit would decline to extend its previous holdings involving the collateral-source rule to the FMLA if presented with an appropriate occasion.

Therefore, the Court agrees with the reasoning in *Pellow*, and holds that the collateral-source rule bars the reduction of any award of damages to Plaintiff by the amount of Plaintiff's unemployment benefits.

    IT IS SO ORDERED.

                                S/Lawrence P. Zatkoff
                                LAWRENCE P. ZATKOFF
                                UNITED STATES DISTRICT JUDGE

Dated: November 2, 2009

CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on November 2, 2009.

                                S/Marie E. Verlinde
                                Case Manager
                                (810) 984-3290