**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JONATHAN BELL,

      Plaintiff,

                                    Case No. 05-74311
v.                                     Hon. Lawrence P. Zatkoff

PREFIX, INC.,

      Defendant.

_____/

## ORDER

This matter comes before the Court on Plaintiff's motion for reconsideration, filed on November 3, 2009 [dkt 122]. Pursuant to E.D. Mich. L.R. 7.1(g)(2), no response is permitted. In the motion, Plaintiff challenges the Court's ruling granting Defendant's motion for protective order in which the Court held that the *de benne esse* depositions of Drs. Muthuswarmi and Boutt would be precluded from trial.

Local Rule 7.1(g)(3) governs motions for reconsideration, stating that "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(g)(3). The same subsection further states, "the movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.* A defect is palpable when it is obvious, clear, unmistakable, manifest, or plain. *Mktg. Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 278 (E.D. Mich. 1997).

Plaintiff contends that the Court's opinion contained a palpable defect insofar as the Court concluded that Plaintiff never provided Defendant notice that he intended to depose Drs.

Muthuswarmi and Boutt and use that testimony at trial.  Plaintiff insists that he gave Defendant

notice on July 9, 2009, when he noticed the *de benne esse* depositions.  Plaintiff further insists that

Defendant was aware of the doctors' involvement because Plaintiff filed letters from the doctors as

exhibits to both Plaintiff's response to Defendant's motion for summary judgment and to the Joint

Appendix at the Court of Appeals.

     Plaintiff misses the mark.  The Court's ruling was not based on whether Plaintiff gave

Defendant notice of the depositions; that was not at issue.  Instead, the Court precluded the

testimony pursuant to Fed. R. Civ. P. 37 because Plaintiff had not identified the doctors as potential

witnesses during discovery.  Further, in its order, the Court noted that Plaintiff had attached the

doctors' (unsworn) letters to his summary judgment response brief.  Even so, that does not rectify

Plaintiff's failure to identify the doctors as potential witnesses.

     In sum, Plaintiff fails to demonstrate a palpable defect whose correction will lead to a

different disposition of the case.  Accordingly, Plaintiff's motion for reconsideration [dkt 122] is

DENIED.

     IT IS SO ORDERED.

                            S/Lawrence P. Zatkoff
                            LAWRENCE P. ZATKOFF
                            UNITED STATES DISTRICT JUDGE

Dated:  November 4, 2009

CERTIFICATE OF SERVICE

  The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on November 4, 2009.

             S/Marie E. Verlinde

             Case Manager
             (810) 984-3290