**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JONATHAN BELL,

       Plaintiff,

                                    Case No. 05-74311

v.                                    Hon. Lawrence P. Zatkoff

PREFIX, INC.,

       Defendant.

_____/

**<u>ORDER</u>**

This matter is before the Court on Plaintiff's motion for default judgment [dkt 118]. The parties have fully briefed the motion. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the following reasons, Plaintiff's motion is DENIED.

Local Rule 7.1(a) requires that a party seek concurrence from the opposing party prior to filing a motion. In its responsive brief, Defendant asserted that Plaintiff failed to seek concurrence prior to filing this motion—a common accusation in the parties' filings in this matter. In this instance, however, Plaintiff readily admits the violation, which occurred because "[c]leary, it was futile for Plaintiff to seek Defendant's concurrence in this motion when Defendant has made it clear ever since the beginning of this case that it has no intention of providing the requested financial documentation." Pl.'s Reply Br. at 3. Despite Plaintiff's frustration, the local rule has no futility exception. *See Delisle v. Sun Life Assurance Co. of Can.*, No. 06-11761, 2007 WL 4547884, at *4 (E.D. Mich. Dec. 19, 2007) ("A party may not satisfy [E.D. Mich. L.R. 7.1(a)] by retroactively

declaring that a concurrence discussion would have been futile.").

Furthermore, the issue of Defendant's discovery disclosures has been addressed by both Judge Feikens and the undersigned on multiple occasions. Each time, Plaintiff was advised that his objections were untimely. Plaintiff's current motion fails similarly.

Finally, Plaintiff complains that Defendant never produced the report of one of its expert witnesses (Mr. Frazee); therefore, Frazee should not be permitted to testify at trial. The Court construes this request as a motion in limine to preclude Frazee's testimony. The Court's practice guidelines are very clear that such motions are to be filed prior to the final pre-trial conference, which took place on October 15, 2009. Therefore, that request is untimely.

Accordingly, and for the above reasons, Plaintiff's motion for default judgment [dkt 118] IS DENIED.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: November 9, 2009

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on November 9, 2009.

S/Marie E. Verlinde
Case Manager
(810) 984-3290

2