UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN BELL,

    Plaintiff,

v.

    Case No. 05-74311
    Hon. Lawrence P. Zatkoff

PREFIX, INC.,

    Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on May 24, 2010

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on several post-trial motions. The parties have fully briefed the motions. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(e)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted. For the following reasons, (1) Plaintiff's motion for entry of judgment and Defendant's motion for entry of judgment are DENIED; (2) Plaintiff's motion to amend or adjust the verdict is DENIED; (3) Plaintiff's motion for prejudgment interest is GRANTED; and (4) Plaintiff's motion for liquidated damages is GRANTED.

**II. BACKGROUND**

Plaintiff filed this case alleging that Defendant terminated his employment in violation of the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq.* On November 18, 2009, a

jury returned a verdict in favor of Plaintiff for $14,563 for monetary losses suffered through the date of the verdict. The jury declined to award Plaintiff front-pay damages (*i.e.*, damages going forward from the date of the verdict).

Following the jury verdict, the Court requested that the parties submit within five days a stipulated order of judgment for entry by the Court. This task proved too difficult; the parties were unable to agree on such an order. Instead, Plaintiff and Defendant have each filed a motion for entry of judgment [dkts 136 & 137] to which they each attach a proposed order of judgment. Each party has also filed objections to the other party's proposed order of judgment.

In addition, Plaintiff has filed several post-trial motions, seeking (1) to amend or adjust the verdict [dkt 140]; (2) prejudgment interest [dkt 141]; (3) liquidated damages [dkt 142]; and (4) attorney's fees and costs [dkt 144]. The motion for attorney's fees and costs will be addressed by separate opinion.

## III. ANALYSIS

### A. Cross-Motions for Judgment

Plaintiff argues that Defendant's proposed judgment contains unnecessary language that would render the judgment more akin to an opinion or memorandum, in violation of Fed. R. Civ. P. 58. Defendant contends that Plaintiff's proposed judgment does not accurately reflect the jury's verdict or mention Defendant's rights to file post-trial motions.

The Court finds that neither of the proposed judgments are appropriate. The Court denies each of the motions for entry of judgment, and it will enter an order of judgment consistent with this opinion and order.

### B. Plaintiff's Post-Trial Motions

Defendant initially argues that each of Plaintiff's motions is untimely because each motion was filed prior to the entry of judgment.

Revised Fed. R. Civ. P. 59(e) requires that "[a] motion to alter or amend a judgment must be filed *no later than* 28 days after the entry of judgment." (emphasis added). Thus, the Rule provides an outer time limit following the entry of judgment, but it does not explicitly preclude a prejudgment motion. Courts have generally not objected to the prejudgment filing of Rule 59 motions. *See Borrero v. City of Chicago*, 456 F.3d 698, 699 (7th Cir. 2006) ("But we and most other courts do not cavil if, as also in this case, the motion is filed *before* the Rule 58 judgment order has been docketed or even before there *is* a Rule 58 judgment, provided that a final judgment has been rendered."); *see also Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir. 1979) ("It is not unusual for a putative Rule 59(e) motion to predate the formal entry of judgment.").

In addition to the above precedent, it would make little practical or economical sense for the Court to strike the motions as premature, enter a judgment, require that the motions be re-filed thereafter, and then, if necessary, amend the judgment. Accordingly, the Court will consider each of Plaintiff's motions as timely filed, and each of the motions will be addressed on the merits.

**1. Adjust or Amend the Jury Verdict**

**a. Mitigation**

Plaintiff first attacks the jury's award of $14,563 for back-pay damages accrued between his August 8, 2005, termination and the November 18, 2009, jury verdict. Plaintiff calculates that the jury could reach this figure only if it considered Plaintiff to have fully mitigated his damages when he began a job with a company called Design Intent in November 2005. The Design Intent employment was a part-time position that did not include fringe benefits or paid overtime. Plaintiff

3

argues that this position was not "comparable employment" such that the employment fully mitigated his damages. Instead, Plaintiff insists that his damages continued to accrue through the verdict, and he requests that the Court award back-pay damages in the amount of $174,302.

Nearly identical circumstances were present in *Voyles v. Louisville Transportation Corp.*, 136 Fed. Appx. 836 (6th Cir. 2005), where a jury awarded the plaintiff monetary damages based on FMLA retaliation. The plaintiff challenged the awarded amount because "the jury completely ignored her testimony that she had been out of work for one year and one month." *Id*. at 838. The Sixth Circuit rejected the position because "[t]he jury made a factual finding that Voyles deserved $2,825 in backpay and this court is not at liberty to weigh the evidence, consider Voyles's credibility, or substitute its judgment for that of the jury." *Id*. at 839 (denying the plaintiff's motion for judgment as a matter of law).

In this case, Plaintiff and Defendant each presented evidence of Plaintiff's mitigation efforts, or lack thereof. Defendant also presented evidence suggesting that Plaintiff's entire department was terminated by June 2006. This evidence was all properly submitted to, and duly considered by, the jury. It is not appropriate for the Court to revisit this evidence, and it will not disturb the jury's verdict.

### b. Front Pay

Plaintiff also argues that the Court should award him front-pay damages of $174,302 in lieu of equitable reinstatement. Under Sixth Circuit precedent, which Plaintiff correctly cites in his brief, the Court is to first determine whether front pay is a more equitable remedy than reinstatement. *See Arban v. West Pub. Corp.*, 345 F.3d 390, 406 (6th Cir. 2003). Once the Court has made this initial determination, the amount of front-pay damages is to be decided by the jury. *See id*.

In conformance with *Arban*, the Court decided the initial question, finding that front pay was appropriate in this case because it appeared that Plaintiff's prior position no longer existed. *See Bell v. Prefix, Inc.*, No. 05-74311, 2009 WL 3614350, at *3 (E.D. Mich. Nov. 2, 2009). The issue was submitted to the jury in a separate interrogatory, and the jury awarded Plaintiff no front-pay damages.

Plaintiff does not attack the jury's decision; he completely ignores it. Therefore, the request for front pay is denied because the jury has already determined that Plaintiff is owed no front pay.

**2. Prejudgment Interest**

Plaintiff also requests an award of prejudgment interest on the jury's verdict. Defendant contends that Plaintiff was required to petition the jury for an award of prejudgment interest and that the jury's verdict represents the entirety of Plaintiff's losses. Defendant concludes that a separate award of interest would constitute a windfall for Plaintiff.

The FMLA entitles a prevailing party to "the interest on the amount described in clause (i) calculated at the prevailing rate[.]" 29 U.S.C. § 2617(a)(1)(A)(ii). *See Dotson v. Pfizer*, 558 F.3d 284, 302 (4th Cir. 2009) ("[P]rejudgment interest on FMLA damages is mandatory rather than discretionary."); *Hite v. Vermeer Mfg. Co.*, 446 F.3d 858, 869 (8th Cir. 2006) ("Section 2617 indicates that the award of such interest is mandatory.").

To support its position, Defendant relies on the following language from an unpublished decision authored by the undersigned:

> If Plaintiff desired pre-judgment interest (and an instruction to the jury allowed as much), Plaintiff should have made sure that a specific question about pre-judgment interest was on the verdict form and Plaintiff should have told the jury what the appropriate rate was. Accordingly, the Court denies Plaintiff's request for pre-judgment interest.

5

*Barrett v. Detroit Heading*, *LLC*, No. 05-72341, 2007 WL 1655434, at *12 (E.D. Mich. June 7, 2007). Defendant construes *Barrett* as placing the burden on Plaintiff to request prejudgment interest from the jury and waiving that form of relief if he fails to do so.

Considered alone, the quoted language from *Barrett* might suggest such an outcome. When taken in context with the paragraph preceding it, however, it becomes clear that Defendant misunderstands the holding in *Barrett*:

> Defendant objects to Plaintiff's request for $7,731.28 in pre-judgment interest *because the jury was instructed* that if it found Defendant had violated the FMLA, its damage award could include "[t]he interest on the amount [of backpay damages] calculated at the prevailing rate[.]"

*Id.* (emphasis added; brackets in original). That is, in *Barrett*, the jury was instructed to consider prejudgement interest in an award of damages; therefore, the Court assumed that the jury considered the issue of interest and rendered its verdict accordingly. *See, e.g.*, *Weeks v. Angelone*, 528 U.S. 225, 234 (2000) ("A jury is presumed to follow its instructions."). The above-quoted language faulted Plaintiff for not requesting a separate interrogatory if he desired a specific determination of prejudgment interest (and at a specific interest rate) as opposed to that figure being included in the general award of damages.

In this case, the jury instructions, which the parties jointly agreed to, did not charge the jury with considering the issue of prejudgment interest. Unlike *Barrett*, there is no reason for the Court to assume that the jury's verdict contemplated an award of prejudgment interest. Therefore, the issue of pre-judgment interest is properly before the Court, and the Court finds that § 2617(a)(1)(A)(ii) mandates such an award.

The remaining question is the proper rate by which to calculate the amount of prejudgment interest. The FMLA prescribes interest at the "prevailing rate," yet the statute offers no definition

of that rate. This ambiguity has resulted in the employment of various interest rates. Some courts have applied the "prime rate" when calculating prejudgment interest, which represents the rate charged by banks on short-term loans to creditworthy consumers. *See, e.g.*, *Staples v. Parkview Hosp., Inc.*, No. 1:07-CV-327, 2010 WL 780204, at *11 (N.D. Ind. Mar. 3, 2010). Others have utilized the method of post-judgment calculation found at 28 U.S.C. § 1961, which is based on the weekly average 1-year constant maturity Treasury yield. *See, e.g.*, *Austin v. Jostens, Inc.*, No. 07-2380, 2009 WL 902417, at *1 (D. Kan. Mar. 31, 2009); *see also* 28 U.S.C. § 1961(a). Courts have also referenced state-law methods of interest calculation. *See, e.g.*, *Hite v. Vermeer Mfg. Co.*, 361 F. Supp. 2d 935, 950 (S.D. Iowa 2005), *aff'd*, 446 F.3d 858 (8th Cir. 2006).

Plaintiff requests that the Court calculate the interest in this case using the prime rate. Defendant suggests that the interest rate should be calculated as provided by Michigan's prejudgment interest statute, Mich. Comp. Laws § 600.6013(6). As might be expected, the prime rate results in a significantly higher yield than does the rate calculated under the Michigan statute.

The Sixth Circuit has not adopted a single method of calculation of prejudgment interest under the FMLA. Nor has this Court reached a consensus on the proper method. *Compare Hyldahl v. AT & T*, No. 07-14948, 2009 WL 2567197, at *5 (E.D. Mich. Aug. 17, 2009) (calculating FMLA prejudgment interest under 28 U.S.C. § 1961) *with Finnerty v. Wireless Retail, Inc.*, No. 04-40247, 2009 WL 2568555, at *3 (E.D. Mich. Aug 18, 2009) (calculating prejudgment interest under Michigan law). In *Finnerty*, the court relied on the Michigan statute because the plaintiff was due interest on both federal and state claims. *See* 2009 WL 2568555, at *3. The *Hyldahl* court found § 1961 appropriate because the plaintiff sought federal relief in her complaint. *See* 2009 WL 2567197, at *5.

The Sixth Circuit "generally afford[s] the district court great discretion in the calculation of prejudgment interest." *United States v. City of Warren, Mich.*, 138 F.3d 1083, 1096 (6th Cir. 1998). After considering the various mechanisms for interest calculation, the Court finds that the method of interest calculation under § 1961 is reasonable and appropriate. This case is more akin to *Hyldahl* than *Finnerty* because only a federal claim was presented to the jury. Moreover, the Sixth Circuit has approved the use of § 1961 when calculating prejudgment interest under various other federal statutes. *See Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 91 Fed. Appx. 370, 377 (6th Cir. 2004) (Jones Act); *Ford v. Uniroyal Pension Plan*, 154 F.3d 613, 619 (6th Cir. 1998) (ERISA).

Therefore, Plaintiff is entitled to prejudgment interest as calculated under 28 U.S.C. § 1961 for the period between August 8, 2005 (the date of Plaintiff's termination), and November 25, 2009.[1] *See E.E.O.C. v. Ky. State Police Dep't*, 80 F.3d 1086, 1099 (6th Cir. 1996) ("Prejudgement interest ordinarily should apply to each year an employee lost the use of her wages."); *see also Finnerty*, 2009 WL 256555, at *3 (calculating FMLA prejudgment interest from date of termination rather than date of filing of complaint); *Thom v. Am. Standard, Inc.*, No. 3:07 CV 294, 2009 WL 961182, at *6 (N.D. Ohio. Apr. 8, 2009) (same).

### 3. Liquidated Damages

In addition to compensatory damages, the FMLA awards a prevailing party:

> [A]n additional amount as liquidated damages equal to the sum of the amount described in clause (i) and the interest described in clause (ii),

---

[1]This date represents the passage of five days, counted under the then-applicable version of Fed. R. Civ. P. 6(a), from the date of the jury verdict, by which time the parties were to have submitted a stipulated order of judgment for entry by the Court. As discussed above, the parties failed to complete this seemingly simple task. The Court will not assess prejudgment interest for the time that has passed since the date that the judgment would have entered had the parties complied with the Court's request.

8

> except that if an employer who has violated section 2615 of this title proves to the satisfaction of the court that the act of omission which violated section 2615 of this title was in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation of section 2615 of this title, such court may, in the discretion of the court, reduce the amount of the liability to the amount and interest determined under clauses (i) and (ii), respectively[.]

29 U.S.C. § 2617(a)(1)(A)(iii). "The employer must therefore show *both* good faith *and* reasonable grounds for the act or omission" in order to defeat the statutory presumption of liquidated damages. *Chandler v. Specialty Tires of Am. (Tenn.), Inc.*, 283 F.3d 818, 827 (6th Cir. 2002). *See also Taylor v. Invacare Corp.*, 64 Fed. Appx. 516, 521 (6th Cir. 2003) ("The statute clearly puts the burden of proof on [the defendant] to show that its behavior was reasonable.").

Defendant argues that, despite the unfavorable jury verdict, it acted in good faith and reasonably believed that it was FMLA-compliant when it terminated Plaintiff. Defendant suggests that the jury's "nominal" verdict is evidence of its reasonableness. Plaintiff submits that Defendant fails to meet either the good faith or reasonableness requirements.

"'When legal and equitable issues to be decided in the same case depend on common determinations of fact, such questions of fact are submitted to the jury, and the court in resolving the equitable issues is then bound by the jury's findings on them.'" *Arban*, 345 F.3d at 408 (quoting *Smith v. Diffee Ford-Lincoln-Mercury, Inc.*, 298 F.3d 955, 965 (10th Cir. 2002)). In *Arban*, the Sixth Circuit rejected a district court's denial of liquidated damages because that decision contradicted the jury's finding that the plaintiff was fired for taking FMLA leave. *See id.*

The sole issue presented to the jury in this case was whether Defendant violated the FMLA by discharging Plaintiff from his employment. This was not a case that involved the interpretation of complicated or ambiguous statutory requirements when determining compliance with the statute.

9

*Accord Hoge v. Honda of Am. Mfg., Inc.*, 384 F.3d 238, 251 (6th Cir. 2004) ("[T]he unsettled nature of the timing of an employer's duty to restore an employee returning from FMLA leave under the circumstances provides a basis for the district court's finding that Honda's interpretation . . . was objectively reasonable."). Rather, the present case centered on Defendant's intent and state of mind when making the decision to terminate Plaintiff.

Like *Arban*, it would be contradictory for this Court to hold that Defendant acted in good faith and with a reasonable belief that its actions were lawful when discharging Plaintiff, because the jury determined that such termination violated the FMLA. As a result, the Court finds that an award of liquidated damages equal to the jury's verdict plus accrued prejudgment interest is appropriate.

## IV. CONCLUSION

Accordingly, and for the above reasons, IT IS HEREBY ORDERED that Plaintiff's motion for entry of judgment [dkt 136] and Defendant's motion for entry of judgment [dkt 137] are DENIED. The Court will enter an order of judgment following the entry of this order.

IT IS FURTHER ORDERED that Plaintiff's motion to amend or adjust the verdict [dkt 140] is DENIED;

IT IS FURTHER ORDERED that Plaintiff's motion for prejudgment interest [dkt 141] is GRANTED;

IT IS FURTHER ORDERED that Plaintiff's motion for liquidated damages [dkt 142] is GRANTED.

IT IS SO ORDERED.

    S/Lawrence P. Zatkoff
    LAWRENCE P. ZATKOFF

UNITED STATES DISTRICT JUDGE

Dated: May 24, 2010

CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on May 24, 2010.

                                              S/Marie E. Verlinde
                                              Case Manager
                                              (810) 984-3290