UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN BELL,

    Plaintiff,

v.

                                        Case No. 05-74311
                                        Hon. Lawrence P. Zatkoff

PREFIX, INC.,

    Defendant.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on October 22, 2010

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Plaintiff's Motion to Enter Judgment with the Amount of Prejudgment Interest Calculated in Accordance with this Court's Opinion and Order and Judgment [dkt 159]. The parties have fully briefed the motions. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted. For the following reasons, Plaintiff's motion is DENIED.

**II. BACKGROUND**

Plaintiff filed this case alleging that Defendant terminated his employment in violation of the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq*. On November 18, 2009, a jury returned a verdict in favor of Plaintiff for $14,563 for monetary losses suffered through the date

of the verdict. The jury declined to award Plaintiff front-pay damages (*i.e.*, damages going forward from the date of the verdict).

Following the jury verdict, the Court requested that the parties submit within five days a stipulated order of judgment for entry by the Court. Unable to agree on such an order, Plaintiff and Defendant each filed a motion for entry of judgment [dkts 136 & 137]. The Plaintiff, among other concerns, requested an award of prejudgment interest on the jury's verdict. In the Court's May 24, 2010, opinion and order, [dkt155] addressing these post-trial motions, the Court found that the FMLA entitled a prevailing party to "the interest on the amount described in clause (i) calculated at the prevailing rate[.]" 29 U.S.C. § 2617(a)(1)(A)(ii). The Court then addressed the proper rate by which to calculate the amount of prejudgment interest and found Plaintiff was entitled to prejudgment interest as calculated under 28 U.S.C. § 1961 for the period between August 8, 2005 (the date of Plaintiff's termination), and November 25, 2009. In conjunction with the Court's May 24, 2010, opinion and order, it entered judgment [dkt 156], ordering that "judgment of $29,126.00, plus double the amount of prejudgment interest awarded, is entered in favor of Plaintiff." The judgment further stated that the Court awarded "Plaintiff's prejudgment interest on the verdict at an interest rate to be calculated pursuant to 28 U.S.C. § 1961." Plaintiff, subsequently, filed this motion because the parties disagree on how to apply the statutory language in 28 U.S.C. § 1961 to Plaintiff's judgment.

### III. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1961, a prejudgment interest rate "shall be calculated . . . at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the

2

judgment." 28 U.S.C. § 1961(a). Once the applicable rate is determined under subsection (a), the "[i]nterest shall be computed daily to the date of payment . . . and shall be compounded annually." 28 U.S.C. § 1961(b), *accord Austin v. Jostens, Inc.*, No. 07-2380, 2009 U.S. Dist. LEXIS 27896, at *2 (D. Kan. March 31, 2009) ("The Court grants plaintiff's request for prejudgment interest at the rate of interest published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment . . . . [I]nterest shall be computed daily to the date of payment and compounded annually."); *Metro. Life Ins. Co., v. Novotny*, 400 F. Supp. 2d. 1187, 1191 (D. Neb. 2005).

## IV. ANALYSIS

Plaintiff argues, without showing his calculations, that the interest amount for the period from August 8, 2005, to November 25, 2009, equals $4,148.88. By following the Court's judgment, Plaintiff contends that the Court should enter a second judgment of $37,423.76, ordering the check payable to Jonathan Bell and his attorney, Elmer L. Roller P.C. In its response, Defendant argues that Plaintiff's motion should be denied for the following procedural and substantive reasons: (1) Plaintiff's motion failed to comply with Fed. R. Civ. P. 59(e) time lines; (2) Plaintiff's motion does not assert grounds for relief from judgment under Fed. R. Civ. P. 60; (3) Plaintiff failed to seek concurrence pursuant to E.D. Mich. L.R. 7.1(a); and (4) Plaintiff's interest calculation is incorrect.[1]

According to Defendant, the federal reserve rate in effect for the calendar week ending

---

[1] The Court, in the interest of judicial economy, will not consider Defendant's three procedural arguments. The parties continue to dispute each step in this case with what appears to be a lack of professional cooperation or civility. The Court foresees that dismissing the motion on procedural grounds will only result in subsequent motion practice to remedy the procedural defects. The interest calculation already entered in judgment by the Court should have been a simple task handled between the parties without the Court's intervention.

3

November 20, 2009 was .29%. *See* www.utd.uscourts.gov/documents/int2009.html. Based on this interest rate, the proper interest amount is $182.43.

Plaintiff argues the inaccuracy in Defendant's calculation is apparent because Defendant applies the .029% interest rate for the entire 4.5 year period. Plaintiff has misread 28 U.S.C. § 1961(a), which states that the prejudgment interest rate will be calculated using the weekly average interest rate one week prior to the judgment. *See Metro. Life Ins. Co.*, 400 F. Supp. 2d at 1191 (indicating in a footnote that the amount of interest represents applying a single interest rate of 4.4% from the date Plaintiff filed a claim for the proceeds with Defendant and the date of judgment, compounded annually). Neither the statute nor courts applying 28 U.S.C. § 1961, have used a different interest rate for each week in the period for which interest is being calculated. Plaintiff cites no other authority for the Court, nor can the Court find authority to support Plaintiff's reading.

Plaintiff then proposes, since the parties cannot agree on the appropriate interest rate, that the Court should determine the interest rate according to the average T-Bill rate from August 8, 2005 until November 25, 2009. The Court, however, finds no reason to adopt Plaintiff's proposal for two reasons: (1) the cited authority Plaintiff posits for its proposal does not apply 28 U.S.C. § 1961(a), and (2) simply changing the interest rate does not rectify the impasse any easier than just following the instructions laid out in 28 U.S.C. § 1961(a) and the Court's prior judgment.

Defendant already attempted to issue a check in the amount of $29,490.86 to Plaintiff. Plaintiff, however, argues in its reply that in addition to the check being issued for the wrong amount, the check was issued incorrectly to "Jonathan Bell and Hertz Shram, P.C." According to Plaintiff, the check should have been made payable to "Jonathan Bell and Elmer L. Roller P.C." The Court finds that the complaint and other pleadings list Elmer L. Roller, P.C. as Plaintiff's attorney

4

and Elmer L. Roller, P.C. is noticed as Plaintiff's attorney. Since Hertz Shram, P.C. is not listed, the judgment should be made payable to "Jonathan Bell and Elmer L. Roller, P.C."

As for the amount of the check, as Defendant has properly represented to the Court, according to the weekly average published by the Board of Governors of the Federal Reserve System, the Court finds that the applicable interest rate is .29% for the week ending November 20, 2009. *See* www.utd.uscourts.gov/documents/int2009.html. Therefore, the Court finds, applying this amount, compounded annually, the jury verdict amount of $14,563 thus yields an amount of interest equal to $182.43 as represented by Defendant's calculations.

## V. CONCLUSION

Accordingly, and for the above reasons, IT IS HEREBY ORDERED that Plaintiff's motion for entry of judgment [dkt 159] is DENIED;

IT IS FURTHER ORDERED that according to the Court's Opinion and Order [dkt 155] and Judgment [dkt 156], Defendant pay Plaintiff a total amount of $29,490.48;

IT IS FURTHER ORDERED that Defendant issue the check payable to "Jonathan Bell and Elmer L. Roller P.C."

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: October 22, 2010

CERTIFICATE OF SERVICE

        The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on October 22, 2010.

                                              S/Marie E. Verlinde
                                              Case Manager
                                              (810) 984-3290