UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN BELL,

    Plaintiff,

v.

                                  Case No. 05-74311
                                  Hon. Lawrence P. Zatkoff

PREFIX, INC.,

    Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on May 3, 2011.

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

On March 22, 2011, the Court issued an Opinion and Order regarding Plaintiff's entitlement to attorney's fees and costs. Therein, the Court ordered Plaintiff to:

(1)    submit to Defendant a detailed bill for necessary copying costs at $.10 per copy within 10 days of this opinion and order (and a copy of that bill to the Court); and

(2)    prepare a revised bill of costs consistent with [the March 22, 2011] Opinion and Order, the *King* opinion and 28 U.S.C. § 1920 that contains only those costs that are properly reimbursable and submit that bill to Defendant (and a copy to the Court) within 10 days of this opinion and order.

On April 1, 2011, Plaintiff timely filed a document titled "Bill of Costs and Expenses" (Docket #169), wherein Plaintiff sought a total of $30,060.68 ($25,873.44 in costs and expenses, plus $4,187.24 for 3% interest). On April 11, 2011, Defendant filed its objections to the Bill of Costs

and Expenses.  For the following reasons, Plaintiff's Bill of Costs and Expenses is granted in part and denied in part, and the Court awards Plaintiff costs and expenses of $3,171.52.

## II.  BACKGROUND

In his motion for attorney's fees and costs, Plaintiff requested incurred costs and expenses totaling $24,404.90.  Plaintiff now seeks an additional $1,468.54 in costs and expenses, plus $4,187.24 for interest of "3%."  In the Bill of Costs and Expenses filed on April 1, 2011, it appears to the Court that Plaintiff merely copied and pasted from the invoices it previously submitted to the Court.  In approximately 3 ½ pages of single-spaced text, Plaintiff again identifies, with date(s): (1) the "item" of cost/expense, (2) the amount of such cost/expense, and (3) a brief "comment" (*i.e.*, a phrase) describing the cost/expense.  Plaintiff does not provide the Court or Defendant with any greater detail or explanation for any of the costs and expenses claimed.

## III.  ANALYSIS

In reviewing Defendant's thorough, detailed objections, the Court notes Defendant does not object to $1,170.00 of the costs claimed by Plaintiff.  As Defendant does not object to that amount, the Court shall accept such amounts as reasonable.  The Court now turns to the balance of the costs and expenses sought by Plaintiff.

As set forth in the Court's March 22, 2011, Opinion and Order, courts generally refer to 28 U.S.C. § 1920 to determine taxable costs in FMLA and other civil-rights.  *See, e.g.*, *Hyldahl v. AT & T*, No. 07-14948, 2009 WL 2567197, at *4 (E.D. Mich. Aug. 17, 2009).  Copying costs are taxable under §1920(4), provided that "the copies are necessarily obtained for use in the case."

As the invoices submitted by Plaintiff in its original Motion for Attorney's Fees and Costs failed to specify the number of copies expended or describe the necessity of obtaining such copies, the Court ordered Plaintiff to submit to Defendant (and the Court) a detailed bill for necessary copying costs at $.10 per copy within 10 days of this opinion and order. The Court finds that Plaintiff failed to do so. In fact, Plaintiff completely disregarded the Court's order to identify the number of pages/copies necessary (and reasonable) to the prosecution of his case and, as such, continues to make it impossible for the Court to determine whether or not the cost per page for claimed copying costs was ten cents ($.10). Accordingly, the Court hereby denies Plaintiff all costs associated with photocopying charges.

As set forth in the Court's March 22, 2011, Opinion and Order, the Court also determined that costs for telephone, postage, facsimile, computer legal research, travel and sustenance are unrecoverable. *See King v. Gowdy*, 268 Fed. Appx. 389, 391 (6th Cir. 2008); *Thompson v. Quorum Health Res.*, No. 1:06-cv-168, 2010 WL 2044524, at *7 (W.D. Ky. May 21, 2010); *Hyldahl*, 2009 WL 2567197, at *4. As such, the Court ordered Plaintiff to "prepare a **revised** bill of costs consistent with this Opinion and Order, the *King* opinion and 28 U.S.C. § 1920 that contains only those costs that are properly reimbursable and submit that bill to Defendant (and a copy to the Court)" (emphasis added). Again, Plaintiff blatantly disregarded the Court's order. Rather than file a revised bill of costs consistent with the Court's directive, Plaintiff filed a bill of costs and expenses that simply reiterated all of the costs and expenses previously sought. None of the identified non-reimbursable costs or expenses were stricken and, in fact, Plaintiff actually supplemented the costs and expenses (or at least the amount) claimed, without explanation or authority to support them. Accordingly, as the Court has been provided with no

3

basis for determining that such claimed costs were reasonable, necessary and permitted by applicable law, except as set forth in the following paragraph, the balance of the costs claimed by Plaintiff are denied.

After reviewing the Bill of Costs, the Court finds the following costs reasonable and necessary to the prosecution of Plaintiff's case: $247.25 for deposition transcript of Phil Serra, $421.45 for the deposition transcript of Kim Zeille, $61.00 for a copy of Mr. Zimmerman files, and $1,271.82 for trial exhibit books. The Court therefore will award Plaintiff $2,001.52 for these costs.

Accordingly, for the reasons stated, Plaintiff's Bill of Costs and Expenses is granted in part and denied in part, and the Court hereby awards Plaintiff the aggregate total of $3,171.52 for costs and expenses.

## IV.  CONCLUSION

Accordingly, and for the above reasons, IT IS HEREBY ORDERED that Plaintiff's Bill of Costs and Expenses (Docket #169) is GRANTED IN PART and DENIED IN PART, and Plaintiff is awarded costs and expenses of $3,171.52.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff

LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  May 3, 2011

4

CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on May 3, 2011.

S/Marie E. Verlinde

Case Manager
(810) 984-3290